*221
 
 Robinson, J.
 

 The plaintiff in error, Ephriam B. Eyler, was plaintiff in the trial court. His petition alleges that he is a resident of Franklin county, Ohio, and the owner of a certain piece of real estate in that county, which he describes; that such real estate has been assessed for taxation for the year 1927 in the sum of $80.44, which has not been paid; that such tax was assessed by the taxing authorities of the county, by virtue of the power vested in them by the statutes and the Constitution of Ohio; that in 1917 the General Assembly enacted Section 5624-13, General Code, which section authorizes taxing officials to examine any and all records in public offices, and, at the instance of the county auditor, the board of revision, or the tax commission, requires public officers to furnish information of any or all matters of record or on file in their respective offices, and further provides that: “Nothing in this act shall be construed or held to authorize the tax commission, or any of its agents or employees, or any county auditor or any assessor or board of revision, to examine the accounts or records of any banking or financial institution which is subject to official inspection under the laws of the state of Ohio or of the United States, nor to demand or receive any list of depositors, stock depositors, members or others who transact business in or with such institutions. ’ ’
 

 The petition also alleges that such section was in full force and effect at the time the taxes above mentioned were levied against plaintiff’s real estate; “that said Section 5624-13 of the General Code of the State of Ohio protects from taxation, as demanded by said Article Twelve, Section Two, of the said Constitution of the State of Ohio, the said tax
 
 *222
 
 able property, within the said state of Ohio, designated and described and mentioned in the said Section 5624-13, General Code of the State of Ohio, deposited in and located in the said banks, trust companies, building and loan companies, and financial institutions, located in and operated in the said Franklin County, Ohio; whereas the said real estate of plaintiff is not protected from taxation as taxable property in said Franklin County, Ohio, by the said Section 5624-13, of the General Code of the State of Ohio, and said real estate of plaintiff was taxed by the said taxing authorities of said Franklin County, Ohio, as aforesaid, the said real estate of plaintiff not being the kind or character of property which is capable of being deposited in and kept in the said banking and financial institutions mentioned and designated in the said Section 5624-13 of the General Code of the State of Ohio, located in and operating in said Franklin County, Ohio, and the said real estate of plaintiff is thereby unlawfully and unconstitutionally taxed and caused to bear a greater burden of taxation'than it lawfully should bear.
 

 “That said Section 5624-13 of the General Code of Ohio denies to plaintiff the equal protection of the laws and takes away from plaintiff his property without due process of law, in taxing his said real estate as aforesaid, in violation of Article Fourteen, Section One, of the Constitution of the United States. * * *
 

 “That said Section 5624-13 of the General Code of Ohio violates Article Twelve, Section Two, of the Constitution of the State of Ohio, by preventing the provision therein that all property shall be taxed,
 
 *223
 
 excepting what is specifically exempted, at its true value in money, by a uniform rule, from operating.”
 

 Plaintiff prays that Section 5624-13, General Code, be found and declared to be unconstitutional as in violation of Article XIY, Section 1, of the Constitution of the United States, and of Article XII, Section 2, of the Constitution of Ohio, that the taxes assessed against his real estate be declared to be illegal and void, and that the treasurer of Franklin county be enjoined from collecting such taxes.
 

 To this petition a demurrer, upon the ground that it did not state a cause of action, was filed. The demurrer was sustained in the trial court, and, upon error, affirmed in the Court of Appeals. A petition in error was filed in this court as a matter of right, and a motion has been here made by the defendant in error to dismiss the petition in error.
 

 It will be observed that the petition contains no averment that any provision of the Constitution of the United States, or of the Constitution of Ohio, or of any statute of Ohio, has been violated in the assessing and levying of the tax against the petitioner’s property, but the petitioner assumes and argues,without averring any fact upon which to base such assumption and argument, that because by Section 5624-13, General Code, taxing authorities are denied access to the books of banks and certain other financial institutions, the taxing authorities have in fact not only been denied access to such books and accounts by such banks and financial institutions, but also that the depositors in such institutions have failed to return taxable money and property for taxation, and that the taxing authorities have failed to discover such money and property and to list it for
 
 *224
 
 taxation; that therefore the rate upon his property returned for taxation necessarily was higher than it otherwise would have been, and for that reason the tax, otherwise lawfully levied upon his property, became unlawful, and the taxing .authorities should be restrained from collecting such tax, which conclusion, if concurred in by this court, would lead to the inevitable result that all taxes lawfully levied in the county would likewise become unlawful, and the collection thereof should be restrained, and would lead to the further result that any lawful assessment of taxes, anywhere and at any time, must necessarily become illegal if by any chance there existed at the time within the taxing district any property, personal or otherwise, that had escaped a listing for taxation.
 

 While the plaintiff avers that he is a resident taxpayer, the action is not in the nature of a taxpayer’s suit to require the taxing authorities to list for taxation property that has not been listed, but which ought to be listed. His action is to relieve Ms property from tax levied upon it in the year 1927, without any averment that the taxing authorities have exceeded their powers with reference to the taxing of such property.
 

 WMle the petitioner asserts that the portion above quoted of Section 5624-13, General Code, is unconstitutional, and prays that it may be so declared, he expressly alleges such portion of such section has no application to his property or the tax levied thereon.
 

 If the court were to accept his invitation to pass upon the constitutionality of such portion of such section, and should reach the conclusion that such
 
 *225
 
 portion is unconstitutional, it could not for that reason adjudge the tax against his property to be illegal, and would not therefore be warranted in affording him relief from it. A court will not pass upon the constitutionality of an act of the Legislature abstractly, but only as such act affects the determination of a question involved in a case before it. Since the question of the constitutionality of the above-quoted' portion of Section 5624-13, General Code, does not affect the validity of the tax on plaintiff’s property, the courts below were not, and this court is not, authorized in this case to determine that question; the power to regulate or repeal an act abstractly being wholly legislative.
 

 The petition is demurrable even upon the theory which the plaintiff advances, because it does not state any fact which would render the levying of the tax against plaintiff’s property illegal. It is demurrable for the further reason that the plaintiff does not bring himself within the class of persons authorized to raise the question of the constitutionality of the provision of the act complained of, and without which question he concededly has no cause of action.
 

 There being no constitutional question presented by the petition of the plaintiff in error, it follows that the petition in error, filed in this court as of right, must be dismissed. Motion to dismiss petition in error sustained.
 

 Motion sustained.
 

 Marshall, C. J., Kinkade, Jones, Matthias, Day and Allen, JJ., concur.