GOLDBERG, APPELLANT, *v.* BOARD OF REVISION OF CUYAHOGA
COUNTY ET AL., APPELLEES.

[Cite as Goldberg v. Bd. of Revision, 7 Ohio St. 2d 139.]

(No. 40272—Decided July 27, 1966.)

*Messrs. Hahn, Loeser, Freedheim, Dean & Wellman, Mr.
Harry C. Nester* and *Mr. Neil K. Evans*, for appellant.

*Mr. John T. Corrigan*, prosecuting attorney, *Mr. Thomas
P. Cyrus* and *Mr. Richard A. Goulder*, for appellees.

O'NEILL, J.    The issue before the court is whether the
Board of Tax Appeals has properly interpreted and followed
the order of this court.

Sarah R. Goldberg owns business property in Cleveland, Ohio. The fair market value of that property was agreed upon by the parties to be $42,600. It is undisputed in the record that the prevailing average ratio of assessed value to fair market value of all real property in Cuyahoga County is approximately 40%.

The board assessed the Goldberg property at 52% of its agreed fair market value. This was undisputed in the record to be the prevailing average ratio of assessed value to fair market value of *commercial* property in Cuyahoga County. This assessment was based upon the finding of the Board of Tax Appeals, which reads as follows:

"(2) A parcel of residential property is comparable only to other parcels of residential property and a parcel of commercial property is comparable only to other parcels of commercial property."

This finding denies the taxpayer his state and federal constitutional rights and is directly contra to the law as pronounced by this court in this case in the opinion which resulted in the remand of this case to the Board of Tax Appeals. *Koblenz* v. *Board of Revision*, 5 Ohio St. 2d 214. At page 216 in the opinion in that case, this court said:

"Section 2 of Article XII of the Ohio Constitution provides:

" 'Land and improvements thereon shall be taxed by uniform rule according to value. * * *,'

"Section 1 of the Fourteenth Amendment to the Constitution of the United States provides in part that no state 'shall * * * deny to any person within its jurisdiction the equal protection of the laws.'

"This court held in *State, ex rel. Park Investment Co.,* v. *Board of Tax Appeals*, 175 Ohio St. 410 (certiorari denied, 379 U. S. 818), at pages 412 and 413:

" 'It is clear that under the Ohio law all real property, regardless of its nature or use, *may be assessed and taxed only by a uniform rule* on the basis of value.

" '* * *

" '* * * It is and has been the practice in this state for

taxation purposes to establish an assessed value of less than actual value * * *. This raises the question of uniformity. Taxation by uniform rule within the requirement of the constitutional provision requires uniformity in the mode of assessment. * * * All property, whether commercial, residential or vacant, must be assessed on the basis of the same uniform percentage of actual value.' (Emphasis added.)''

It could not be stated in more succinct language.

The decision of the Board of Tax Appeals is, therefore, reversed, the cause is remanded to the Board of Tax Appeals, and the board is ordered to comply with the law as established by this court.

*Decision reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, HERBERT and BROWN, JJ., concur.

SCHNEIDER, J., dissents.