THE FREDERICK BUILDING CO., APPELLANT, *v.* BOARD OF REVISION OF CUYAHOGA COUNTY ET AL., APPELLEES.

(No. 40940—Decided January 24, 1968.)

Messrs. *Forrester & Kovanda* and Mr. *John E. Forrester*, for appellant.

Mr. *John T. Corrigan*, prosecuting attorney, and Mr. *Thomas P. Cyrus*, for appellee, Board of Revision.

Mr. *William B. Saxbe*, attorney general, and Mr. *Edgar L. Lindley*, for appellee, Board of Tax Appeals.

SCHNEIDER, J.  This case came before the Board of Tax Appeals upon appeal from an order of the Board of Revision of Cuyahoga County finding the taxable value of the property in question to be $47,300, a reduction from the amount of $173,840, which was the taxable value originally assigned to the property by the Cuyahoga County Auditor for the tax year 1965.

To its own determination of the common level of assessment of 39% for Cuyahoga County, the board added 3.9%, *i. e.*, 10% of 39%, in computing the taxable value of the property.  Thus, the board assessed the property at

$47,190, which is 42.9% of the stipulated market value of $110,000.

The only issue here is whether, in computing taxable value, the application to the fair market value of a percentage different from that which reflects the common level of assessment violates Section 2, Article XII of the Ohio Constitution and Section 1 of the Fourteenth Amendment of the United States Constitution. We find that it does.

The statutory language upon which the board relies as authority to sustain its action is the last sentence of Section 5715.19, Revised Code, which reads: "Any valuation which varies from said common level of assessment by more than ten per cent thereof is prima facie discriminatory."

Section 5717.03, Revised Code, reads, in part:

"In correcting a discriminatory valuation, the board of tax appeals shall increase or decrease the value of the property whose valuation or assessment by the county board of revision is complained of by a per cent or amount which will cause such property to be listed and valued for taxation by an equal and uniform rule."

The language quoted from each statute was adopted following our decision in *State, ex rel. Park Investment Co.,* v. *Board of Tax Appeals,* 175 Ohio St. 410, the syllabus of which is:

"The Board of Tax Appeals has a statutory duty to review the tax assessments in any county in relation to whether such assessments were made by uniform rule and, if it finds that discrepancies exist in the tax assessments, as a whole or among the various classes of property, to direct such an order to the county auditor as is necessary to equalize such assessments."

The last sentence of Section 5715.19, Revised Code, conflicts with Section 5717.03, Revised Code, as well as the decision in *Park Investment,* to the extent that it purports to permit a variance from the common level of assessment. This does not preclude dispute over the fair market value. However, once that value is determined for the particular parcel, to it must be applied that percentage which reflects

the common level of assessment, in order to determine the taxable value for that parcel.

The language under attack cannot be saved by construing "prima facie" as merely shifting to the assessor the burden of proof that the variance is not discriminatory when that variance exceeds 10%. A variance from the common level of assessment is all that need be shown. Any valuation which varies from said common level of assessment is discriminatory and violates the constitutional command of uniformity.

We reiterate without refinement a portion of Judge Matthias' opinion in *State, ex rel. Park Investment Co.*, v. *Board of Tax Appeals*, 175 Ohio St. 410 (certiorari denied, 379 U. S. 818), at pages 412 and 413:

"It is clear that under the Ohio law all real property, regardless of its nature or use, *may be assessed and taxed only by a uniform rule on the basis of value.* (Emphasis supplied.)

"* * *

"It is and has been the practice in this state for taxation purposes to establish an assessed value of less than actual value * * *. This raises the question of uniformity. Taxation by uniform rule within the requirement of the constitutional provision requires uniformity in the mode of assessment. * * * All property, whether commercial, residential or vacant, must be assessed on the basis of the same uniform percentage of actual value."

As Judge O'Neill commented in *Goldberg* v. *Board of Revision*, 7 Ohio St. 2d 139, 141: "It could not be stated in more succinct language."

The decision of the Board of Tax Appeals is reversed and the cause is remanded for proceedings consistent with this opinion.

*Decision reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and BROWN, JJ., concur.