The Phelps Realty Co., Appellant, *v.* Board of Revision of Hamilton County, Appellee.

(No. 68-151—Decided December 24, 1968.)

*Messrs. Forrester & Kovanda* and *Mr. John E. Forrester,* for appellant.

*Mr. Melvin G. Rueger,* prosecuting attorney, and *Mr. Robert W. Worth,* for appellee.

*Per Curiam.* The Phelps Realty Company filed "a complaint against" a "valuation or assessment * * * upon the tax duplicates of the then current year [1966] * * * filed" pursuant to Section 5715.19, Revised Code.

Phelps urges that the Board of Revision should have applied the statewide common level of assessment to the fair market value of the property rather than the Hamilton County common level of assessed value.

Section 5715.19, Revised Code, states in part: "Upon request of a complainant, the Board of Tax Appeals shall determine the common level of assessment of real property in the county for the year stated in the request, which common level of assessment shall be expressed as a percentage of true value."

That language only contemplates giving relief against a claimed "discriminatory valuation" where such valuation varies from the common level of assessment of real property in the county for the year stated in the request.

There is no statute which provides for such relief where a valuation varies from the common level of assessment of real property in the state. This is not to say that the Board of Tax Appeals is not under a mandatory duty to provide by rule for a common level of assessment in all counties throughout the state. See *State, ex rel. Park Invest. Co., v. Bd. of Tax Appeals*, 16 Ohio St. 2d 85, decided today.

The decision of the Board of Tax Appeals is, therefore, affirmed.

*Decision affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, DOYLE, SCHNEIDER and BROWN, JJ., concur.

DOYLE, J., of the Ninth Appellant District, sitting for HERBERT, J.