THE STATE, EX REL. THE PARK INVESTMENT CO., *v.* BOARD OF TAX APPEALS ET AL.

(No. 68-277—Decided December 24, 1968.)

86

Messrs. *Forrester & Kovanda,* for relator.

Mr. *William B. Saxbe,* attorney general, and Mr. *Edgar L. Lindley,* for respondent Board of Tax Appeals.

Mr. *John T. Corrigan,* prosecuting attorney, Mr. *A. M. Braun,* Mr. *John L. Dowling* and Mr. *Thomas P. Cyrus,* for respondent Ralph J. Perk, Auditor of Cuyahoga County.

*Per Curiam.* The question which this case presents is: Do Sections 5715.01 and 5715.24, Revised Code, and Section 2 of Article XII of the Ohio Constitution and Section 1 of the Fourteenth Amendment to the United States Con-

stitution, require statewide uniformity in the assessment of real property for taxation?

This court holds that the Board of Tax Appeals is required to supervise the assessment for taxation of all real property within the state and, pursuant to Section 5715.01, Revised Code, the board is obligated to "adopt, prescribe, and promulgate rules for the assessment of real property by uniform rule *according to value.* * * * The uniform rules shall prescribe methods of determining the true value and taxable value of real property. The rules shall provide that true value and taxable value be determined on the basis of all facts and circumstances which the board finds necessary in order to achieve *uniformity and avoid overvaluation or undervaluation and discrimination.* The taxable value shall not exceed fifty per cent of true value in money. The uniform rules shall * * * prescribe methods of making the appraisals * * *. County auditors shall, under the direction and supervision of the board, be the chief assessing officers of their respective counties, and shall list and value the real property within their respective counties for taxation" in accordance with Section 5715.02 and Section 5713.03, Revised Code, and the rules of the Board of Tax Appeals. (Emphasis added.)

Thus, it is the mandatory duty of the Board of Tax Appeals to see that all real property within the state of Ohio is assessed at a uniform percentage of its true value in money, which assessed value shall not exceed fifty per cent of its true value in money.

Section 5715.24, Revised Code, requires:

"The Board of Tax Appeals, annually, at a meeting to be held at its office in Columbus on the first Monday in August, or on the date thereafter to which such meeting is adjourned, shall determine whether the real property and the various classes thereof in the several counties, municipal corporations, and taxing districts have been assessed *by an equal and uniform rule at taxable value,* and if the board finds that the real property or any class thereof in any county, municipal corporation, or taxing district, as reported by the several county auditors to it, is not listed

*by uniform rule at taxable* value, the board shall increase or decrease the aggregate value of the real property or any class thereof in any such county, township, municipal corporation, taxing district, or ward or division of a municipal corporation, by a per cent or amount which will cause such property to be assessed on the tax list at its taxable value so that every class of real property shall be listed and valued for taxation by an equal and uniform rule according to its taxable value.'' (Emphasis added.)

Amended Sections 5715.01 and 5715.24, Revised Code, became effective November 5, 1965. Those sections require the Board of Tax Appeals annually to determine an equal and uniform rule for assessing real property in the state of Ohio, which rule shall provide a percentage of the true value in money of each parcel or tract, which shall be the taxable value of each such parcel or tract. Such percentage shall not exceed fifty per cent of the true value in money.

Section 5715.24, Revised Code, imposes an obligation upon the Board of Tax Appeals to *establish an equal and uniform statewide rule for the determination of the taxable value and assessment of real property in this state.* It is clear from the amended petition that the Board of Tax Appeals has failed to carry out its duties under that statute.

As indicated under our holding in *Phelps Realty Co.* v. *Bd. of Revision,* 16 Ohio St. 2d 83, relator in this case has no remedy in the ordinary course of the law to get the relief sought.

The demurrer to the petition is overruled and a writ of mandamus will issue to require the Board of Tax Appeals to perform its statutory duty. *State, ex rel. Park Investment Co.,* v. *Board of Tax Appeals,* 175 Ohio St. 410.

*Writ allowed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, DOYLE, SCHNEIDER and BROWN, JJ., concur.

DOYLE, J., of the Ninth Appellate District, sitting for HERBERT, J.