THE STATE, EX REL. THE PARK INVESTMENT CO., *v.* BOARD OF
TAX APPEALS ET AL.

[Cite as State, ex rel. Park Invest. Co., v. Bd. of Tax
Appeals (1971), 26 Ohio St. 2d 161.]

(No. 68-277—Decided June 2, 1971.)

*Messrs. Forrester & Kovanda,* for relator.

*Mr. William J. Brown,* attorney general, *Mr. Shelby V. Hutchins* and *Mr. Thomas V. Martin,* for respondent Board of Tax Appeals.

*Mr. John T. Corrigan,* prosecuting attorney, *Mr. A. M. Braun, Mr. John L. Dowling* and *Mr. Thomas P. Cyrus,* for respondent Ralph J. Perk, Auditor of Cuyahoga County.

O'NEILL, C. J.  This cause is before this court on relator's motion for an order to require respondent Board of Tax Appeals to show cause why it should not be adjudged in contempt for failing to perform its statutory and constitutional duties as required by the granting of the writ of mandamus by this court in December 1968, as reported in *State, ex rel. Park Invest. Co.,* v. *Bd. of Tax Appeals,* 16 Ohio St. 2d 85.  In that case, the court stated that:

"* * * it is the mandatory duty of the Board of Tax Appeals to see that all real property within the State of Ohio is assessed at a uniform percentage of its true value in money * * *."

This court ordered the board to perform its statutory duty under R. C. 5715.24, which "imposes an obligation upon the Board of Tax Appeals to establish an equal and uniform statewide rule for the determination of the taxable value and assessment of real property in this state."

In compliance with that order, the Board of Tax Appeals proposed an amendment to its rules BTA-5-01 (Rule 100) and conducted a public hearing thereon in March 1969. The proposed amended rule would have established a taxable value for real property of either 40, 42, 41, 39 or 38 per cent of its true value in money.

Before the board completed action on the proposed amendment to its rules, the General Assembly amended R. C. 5715.01, effective May 14, 1969, providing in part that:

"The power of the Board of Tax Appeals to issue rules concerning the determination of the taxable value of real

property and the percentage to be applied in such determination shall be effective for the year 1972 and thereafter. * * * ,,

At the same time, the General Assembly, by amendment of R. C. 5715.24, provided that the duties imposed upon the board by that section should be operative "beginning in 1972 and thereafter."

The board thereupon took no further steps to implement this court's holding in *State, ex rel. Park Invest. Co., v. Bd. of Tax Appeals, supra,* apparently on the ground that its authority to proceed was suspended until 1972 under the amendments to R. C. 5715.01 and R. C. 5715.24, referred to above.

To support the board's action, respondent board cites *Steward* v. *Evatt* (1944), 143 Ohio St. 547, which held, in paragraph one of the syllabus, that:

"The Board of Tax Appeals is a creature of statute and is limited to the powers with which it is thereby invested."

While the board indeed is a creature of statute, it is elementary that a statute or a separable portion thereof which offends a constitutional provision is invalid.

Amended R. C. 5715.01 did not take away the duty or the power of the Board of Tax Appeals to determine the method by which the taxable value of real property was to be determined in the several counties of the state and applied by the county auditors annually in the determination of taxable value of real property. That section provides:

"*The Board of Tax Appeals shall direct and supervise the assessment for taxation of all real property.*" (Emphasis added.)

The language of that section which purports to delay until 1972 action by the board to carry out its duty, as announced in *State, ex rel. Park Invest. Co., v. Bd. of Tax Appeals, supra* (16 Ohio St. 2d 85), did not affect the above quoted language, but related only to the power of the Board of Tax Appeals "to issue rules."

In addition to the language of R. C. 5715.01, quoted

164

above, R. C. 5715.011, effective May 14, 1969, provides in part:

" * * * *the board shall,* in the exercise of its supervisory authority under Section 5715.01 of the Revised Code *take such steps as are necessary to effect an orderly correction of any inequalities in the percentage of true value at which all real property and all classes thereof are assessed for taxation."* (Emphasis added.)

It is clear under the language quoted above from R. C. 5715.01 and R. C. 5715.011 that the Board of Tax Appeals, effective May 14, 1969, has not only the supervisory power, but the mandatory duty, to correct any inequalities in the uniform percentage of true value by which the taxable value of real property is to be determined and applied in the several counties of this state.

Section 2, Article XII of the Ohio Constitution, mandates that *"land and improvements thereon shall be taxed by uniform rule according to value."* (Emphasis added.)

This court stated the law with regard to this question in plain, succinct and unmistakably clear language in an opinion written by Justice Schneider in *Frederick Bldg. Co.* v. *Bd. of Revision,* 13 Ohio St. 2d 59. The syllabus of that case reads as follows:

"1. Taxation by uniform rule, within the requirements of Section 2 of Article XII of the Ohio Constitution and Section 1 of the Fourteenth Amendment to the United States Constitution requires uniformity in the mode of assessment. Real property, whether commercial, residential or vacant, must be assessed on the basis of the same uniform percentage of actual value. *(State, ex rel. Park Investment Co.,* v. *Board of Tax Appeals,* 175 Ohio St. 410; *Koblenz* v. *Board of Revision,* 5 Ohio St. 2d 214; and *Goldberg* v. *Board of Revision,* 7 Ohio St. 2d 139, approved and followed.)

"2. The same percentage of fair market value must be applied to every parcel of property to determine the taxable value thereof. Any variance from the percentage which reflects the common level of assessment is discrimina-

tory and violates the constitutional command of uniformity.''

In *Koblenz* v. *Board of Revision* (1966), 5 Ohio St. 2d 214, it is pointed out in the opinion, at page 218, that this result is not only required by the Ohio Constitution, but also by Section 1 of the Fourteenth Amendment to the Constitution of the United States:

''On this point, the legal authorities are clear that the constitutional requirements of uniformity and equal protection of the laws prevail. *Sioux City Bridge Co.* v. *Dakota County, supra* (260 U. S. 441). Chief Justice William Howard Taft, in the opinion in that case, stated the applicable law succinctly, at page 446:

'' ' * * * This court holds that the right of the taxpayer whose property alone is taxed at 100 per cent of its true value is to have his assessment reduced to the percentage of that value at which others are taxed even though this is a departure from the requirement of the statute. *The conclusion is based on the principle that where it is impossible to secure both the standard of the true value, and the uniformity and equality required by law*, the latter requirement is to be preferred as to the just and ultimate purpose of the law. * * *' (Emphasis added.)''

Therefore, any ''such steps as are necessary to effect an orderly correction of any inequalities in the percentage of true value'' are unconstitutional unless ''such steps'' provide for uniformity in the percentage of true value at which real property and all classes thereof are assessed for taxation.

Likewise, the following provision in amended R. C. 5715.01, effective May 14, 1969, which states that ''the method by which taxable value of real property was determined in the several counties of the state in 1968 shall be applied by the county auditors annually in the determination of taxable value of real property,'' is contrary to the constitutional mandate of Section 2 of Article XII of the Ohio Constitution unless such method is uniform according to value for land and improvements thereon.

The county auditor, the Board of Revision, the Board of Tax Appeals, the General Assembly and this court are required to follow the provisions of Section 2 of Article XII of the Ohio Constitution and Section 1 of the Fourteenth Amendment to the Constitution of the United States—now, as well as after 1972.

Thus, insofar as the provisions in R. C. 5715.01 and 5715.24 purport to delay action by the board to carry out its constitutional duties in performing its statutory mandatory supervisory duties, as announced in *State, ex rel. Park Invest. Co., v. Board of Tax Appeals, supra* (16 Ohio St. 2d 85), those provisions are in conflict with the Ohio Constitution, Section 2 of Article XII, and are, to that extent, invalid. It follows that the board is still bound to conform to our decision in *State, ex rel. Park Invest. Co., v. Bd. of Tax Appeals, supra* (16 Ohio St. 2d 85).

We are not unmindful of the problems confronting the board in carrying out its statutory and constitutional duties to tax "lands and improvements thereon by uniform rule according to value."

At respondent board's request for a hearing in this matter, the court appointed Justice Schneider as a special master commissioner, and he held hearings on July 29, July 30, and August 7, 1969. The transcript of those hearings points up the problems encountered in applying the sales-assessment ratio to determine the valuation of real property for taxation and in the establishment of a uniform percentage of true value to determine taxable value.

The sales-assessment ratio method is not the only way in which property can be assessed and the uniform percentage determined. In fact, in the case of industrial property, there may be no sales at all upon which to base valuation or establish the percentage of true value in determining the taxable value. However, as we noted in *State ex rel. Park Investment Co., v. Board of Tax Appeals* (1964), 175 Ohio St. 410, 412:

"The best method of determining value, when such information is available, is an actual sale of such property

between one who is willing to sell but not compelled to do so and one who is willing to buy but not compelled to do so. Paragraph two of the syllabus in *In re Estate of Sears,* 172 Ohio St. 443, 178 N. E. 2d 240. This, without question, will usually determine the monetary value of the property. However, such information is not usually available, and thus an appraisal becomes necessary. *It is in this appraisal that the various methods of evaluation, such as income yield or reproduction cost, come into action.* Yet, no matter what method of evaluation is used, the ultimate result of such an appraisal must be to determine the amount which such property should bring if sold on the open market.'' (Emphasis added.)

R. C. 5715.012 provides for the use of sales-assessment ratio studies of sales and assessments of real property for the purpose of determining the common level of assessment of real property within the counties for the purpose of equalization.

The fact that the taxing of lands and improvements thereon *uniformly* according to value is a difficult task does not excuse the board from performing its statutory and constitutional duty. The board recognized this when it proposed the amendment to its rules and conducted a public hearing thereon. In fact, at the hearing before the special master commissioner, the Chief of the County Affairs Division of the board testified to the effect that although the board had not adopted a rule, it had been trying to ''get everyone equalized at 40 per cent.''

The requirement that real property ''must be assessed on the basis of the same uniform percentage of actual value,'' as expressed in *State, ex rel. Park Investment Co.,* v. *Board of Tax Appeals, supra* (175 Ohio St. 410), has been repeatedly recognized in subsequent cases. *Koblenz* v. *Board of Revision* (1966), 5 Ohio St. 2d 214; *Goldberg* v. *Board of Revision* (1966), 7 Ohio St. 2d 139; *Frederick Building Co.* v. *Board of Revision* (1968), 13 Ohio St. 2d 59; *Phelps Realty Co.* v. *Board of Revision* (1968), 16 Ohio St. 2d 83.

From the foregoing, this court concludes that the board must proceed to comply with our decision reported in *State, ex rel. Park Invest. Co.,* v. *Board of Tax Appeals, supra* (16 Ohio St. 2d 85). The controlling portion of that opinion is stated as follows:

"* * * it is the mandatory duty of the Board of Tax Appeals to see that *all real property* within the state of Ohio *is assessed at a uniform percentage of its true value in money,* which assessed value shall not exceed fifty per cent of its true value in money." (Emphasis added.)

However, in view of the fact that the board took steps to comply with that decision and ceased its efforts only for the reason that, pursuant to the amendment of R. C. 5715.01 and R. C. 5715.24, the board thought it was powerless to proceed further, relator's motion for an order of contempt is denied.

*Motion denied.*

SCHNEIDER, HERBERT, DUNCAN, CORRIGAN and LEACH, JJ., concur.

STERN, J., not participating.