COOK COFFEE CO. v. HAMILTON COUNTY BOARD OF REVISION.

(No. A-225118—Decided December 28, 1971.)

Common Pleas Court of Hamilton County.

*Mr. Henry DuLaurence,* for plaintiff.
*Mr. Robert W. Worth,* assistant prosecuting attorney, for defendant.

BETTMAN, J. This case is before the court on an appeal from the decision of the Hamilton County Board of Revision refusing to grant any reduction in the assessed valuation of appellant's property as fixed by the auditor of Hamilton County for the years 1966, 1967, 1968 and 1969. The appeal is filed pursuant to the provisions of R. C. 5717.05.

The parties have stipulated the fair market value of the buildings in question for the years in question and that the auditor of Hamilton County assessed the improvements on appellant's property at 50% of fair market value for the years in question. They have further stipulated that the state-wide average ratio of assessed valuation to fair market value of land and improvements as determined by the Board of Tax Appeals of the state of Ohio for the years in question was 37.57% and the Hamilton County ratio was 43.88%.

Appellant contends that the assessed valuation of its

property made by the auditor and affirmed by the Board of Revision is discriminatory, unlawful and unconstitutional.

Section 2, Article XII of the Ohio Constitution provides: "Land and improvements thereon shall be taxed by uniform rule according to value."

That this constitutional provision means that the assessment of land and improvements thereon shall be uniform throughout Ohio was made abundantly clear by the Supreme Court in *State, ex rel. Park Investment*, v. *Board of Tax Appeals* (1968), 16 Ohio St. 2d 85, and reiterated in *State, ex rel. Park Investment*, v. *Board of Tax Appeals* (1971), 26 Ohio St. 2d 161. Furthermore, this constitutional requirement does not apply simply to future assessments but is binding in every case. As stated by the Supreme Court in the June 1971 Park Investment decision:

"The county auditor, the Board of Revision, the Board of Tax Appeals, the General Assembly and this court are required to follow the provision of Section 2 of Article XII of the Ohio Constitution and Section 1 of the Fourteenth Amendment to the Constitution of the United States —*now*, as well as after 1972." (Emphasis ours.)

It is argued by the Board of Revision that in *Phelps Realty* v. *Board of Revision* (1968), 16 Ohio St. 2d 83, handed down on December 24, the same day as *State, ex rel. Park Investment*, v. *Board of Tax Appeals, supra*, the Supreme Court overruled appellant's contention that the Board of Revision should have applied a statewide common level of assessment to the fair market value of the property rather than the Hamilton County common level of assessed value. We do not believe that decision is controlling in this case.

The situation there was that the taxpayer, pursuant to R. C. 5715.19 appealed to the Board of Tax Appeals, which the statute provided "shall determine the common level assessment of real property *in the county* for the year stated in the request." The Board of Tax Appeals being a creature of statute had only such authority as the statute provided, namely to determine the common level of as-

sessment within the county. This court, however, is created by the Constitution and must follow the Constitution. It is not limited by statute as is the Board of Tax Appeals.

Furthermore, this appeal is not pursuant to R. C. 5717.01 but to R. C. 5717.05 which does not limit the court to determining the common level of assessment within the county but on the contrary since 1965 has provided that the court:

"* * * shall determine the taxable value of the property whose valuation or assessment for taxation by the county board of revision is complained of, or in the event the complaint and appeal is against a discriminatory valuation, shall determine a valuation which shall correct such discrimination, and the court shall determine the liability of the property for assessment for taxation, if that question is in issue, and shall certify its judgment to the auditor, who shall correct the tax list and duplicate as required by such judgment."

"In correcting a discriminatory valuation, the court shall increase or decrease the value of the property whose valuation or assessment by the county board of revision is complained of by a per cent or amount which will cause such property to be listed and valued for taxation by an equal and uniform rule."

Considering then the constitutional mandate of uniformity, the Supreme Court's decision that it be done now, and the clear cut language of the statute, we are of the opinion that this court is required to decrease the assessed valuation of appellant's property for the years in question by a per cent which, as nearly as possible, will cause its valuation to be proportionally equal to and uniform with other valuations for tax purposes throughout the state.

The only evidence before the court as to what would be an equal and uniform percentage of fair market value is the stipulation that the state-wide average ratio of assessed valuation to fair market value, as determined by the Board of Tax Appeals, for the years in question was 37.57%. Doubtless the percentage varies from county to county. Nevertheless if the court is to carry out its

duty to determine a valuation which shall correct the discrimination, the closest we can come to achieving this result is to hold that the state-wide average ratio should be applied.

Accordingly we determine the valuation of appellant's property for assessment for taxation for the years in question to be 37.57% of its stipulated fair market value.

*Judgment for plaintiff.*