THE STATE, EX REL. THE PARK INVESTMENT CO., *v.* BOARD OF TAX APPEALS ET AL.

(No. 68-277—Decided July 19, 1972.)

*Messrs. Forrester & Kovanda,* for The Park Investment Company.

*Mr. William J. Brown,* attorney general, *Mr. Dwight C. Pettay, Jr.,* and *Mrs. Maryann B. Gall,* for Board of Tax Appeals.

*Per Curiam.* For the prior history of the proceedings in this court under case No. 68-277, see *State, ex rel. Park Invest. Co.,* v. *Bd. of Tax Appeals* (1968), 16 Ohio St. 2d 85, and *State, ex rel. Park Investment. Co.,* v. *Bd. of Tax Appeals* (1971), 26 Ohio St. 2d 161.

On July 3, 1972, The Park Investment Company filed with this court a "Motion for Instructions," and the Board of Tax Appeals filed an "Application for Further Instructions," which, in essence, request this court to interpret the provisions of Amended Substitute Senate Bill No. 455, which became effective on June 28, 1972, and to pass on the constitutionality of various aspects thereof.

The bill amended R. C. 3311.21, 3317.04, 5705.31, 5713.01, 5713.11, 5715.01, 5715.011, 5715.012, 5715.24 and 5715.34, enacted R. C. 5713.111, and repealed R. C. 5705.331.

It is not alleged by either of the movants that the

184

board has failed to follow or in any way violated an order of this court made in *State, ex rel. Park Investment Co.*, v. *Bd. of Tax Appeals* (1971), *supra*.

It is asserted by both movants, even though the Board of Tax Appeals has taken no action pursuant to Amended Substitute Senate Bill No. 455, that there are numerous legal questions which should now be answered even though these questions were never raised, briefed, argued, submitted or decided by this court in *State, ex rel. Park Investment Co.*, v. *Bd. of Tax Appeals* (1971), *supra*; there is no case before this court now in which these questions are raised; no action has been taken by the board to raise these questions, and no fact pattern now before this court raises these questions.

Both movants are requesting an advisory opinion.

This court does not have the constitutional or statutory authorization, as exists in some states, for the issuance of an advisory opinion and this court, for sound legal reasons, has never issued advisory opinions.

If the existence of controversy or dilemma in the executive branch of government concerning the interpretation of a newly enacted statute is to be grounds for invocation of the jurisdiction of this court, absent a case to be determined, then the court would assume for itself the power, and establish the precedent, to determine policy for both the legislative and the executive branches of government before any policy decision has in fact been made by the executive branch, or any legislative policy has in fact been implemented.

It is fundamental that general and abstract questions as to the interpretation and constitutionality of an act of the Legislature cannot with propriety be presented to a court. *Foster* v. *Commrs. of Wood County* (1859), 9 Ohio St. 540, 544. See, also, *King* v. *Cappellar* (1884), 42 Ohio St. 218, 221, and *State, ex rel. Williams,* v. *Indus. Comm.* (1927), 116 Ohio St. 45, 56.

As held in paragraph two of the syllabus of *Eyler* v. *Anderson* (1930), 122 Ohio St. 220, "Courts will not pass upon the constitutionality of an act of the General Assembly abstractly, but only when the question of the constitutionality of such act determines a case before them." There is no case pending before us which would or could be determined by any expression of opinion by this court as to the issues purported to be presented by these requests.

For a further discussion of the limitations of the judicial power in such respect, see opinion of Justice Herbert in *Fortner* v. *Thomas* (1970), 22 Ohio St. 2d 13, at page 14.

It is the order of this court therefore that the "Motion for Instructions" and the "Application for Further Instructions" filed with this court on July 3, 1972, be denied.

*It is so ordered.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, LEACH and BROWN, JJ., concur.

SCHNEIDER, J., dissenting. The questions presented to this court are anything but "general and abstract." They involve a very apparent conflict between Amended Substitute Senate Bill No. 455 and our prior decisions in this case, citation to which is made in the *per curiam* opinion.

The majority apparently is persuaded that this is a new "cause" and that a new "action" is necessary to invoke our jurisdiction to decide the questions, or at least that the Board of Tax Appeals must decide whether to follow the new statutory law or to follow our previous orders, after which, if the relator is unsatisfied with that decision of the board, it may then pursue an attack on that decision.

However, I can well appreciate the dilemma of the board in not desiring to appear contemptuous of either the General Assembly or this Court. I would refuse to be prey to the tyranny of labels and would proceed to hear and decide the questions presented which may well involve either a reaffirmation or a modification of the writ previously issued depending upon our ultimate decision on the merits.

There is obvious controversy here and both sides to that controversy are represented in this court by able counsel. Thus, this case bears no similarity to those cited in the majority opinion to support it.

Our failure to proceed promptly and expeditiously in this matter may well result in "utter chaos . . . in the assessment and collection of real property taxes in Ohio. . . ." See the Attorney General's brief filed herein.