DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
On March 7, 1997, the Medina Court of Common Pleas dismissed the appeal of plaintiff-appellant Raymond Ferrone from the decision of the Medina County Board of Revisions ("MBOR"). MBOR had previously affirmed the 1995 valuation of Ferrone's real property.
Ferrone has appealed the trial court's dismissal of his administrative appeal. Ferrone has assigned as error that the trial court (1) failed to determine the taxable value of his property or to determine whether the valuation was discriminatory, as required by R.C. 5717.05; (2) failed to address the essential issues in the case; and (3) did not provide a plain, adequate and complete remedy for him or, if it could not provide him with such remedy, recommend one to him.[1]
 I
For several years Ferrone has been attempting to find a forum to address what he perceives as violations of his statutory and constitutional rights. Ferrone initially sought a remedy in the federal court system. Citing considerations of comity and the Tax Injunction Act, Section 1341, Title 28, U.S. Code, the federal district court directed him to exhaust his remedies in the state system prior to seeking federal relief.[2] Subsequently, Ferrone addressed his concerns to the Medina Board of Revision, the Ohio Board of Tax Appeals, and the Ohio Tax Commissioner.
The case sub judice began in the Medina County Board of Revision. Ferrone contended, inter alia, that the 1995 valuation of his property was incorrect and discriminatory. MBOR determined that there should be no change in the valuation. Ferrone appealed this decision to the Medina Court of Common Pleas, pursuant to R.C. 5717.05. The trial court granted the appellee's motion to dismiss Ferrone's administrative appeal, stating that Ferrone had not requested it to "determine the taxable value * * * or to determine whether the valuation was discriminatory," and noting that the other requests made by Ferrone were beyond their authority to grant.
 II A. Valuation and Discriminatory Assessment
When a property owner believes that his property is incorrectly valued, or that taxes have been improperly assessed, one remedy available is to file a complaint with the county board of revision. R.C. 5715.11. If the property owner is not satisfied with the decision of the county board of revision he may appeal that decision to the state board of tax appeals or to the county court of common pleas. R.C. 5717.01 and 5717.05. When an administrative appeal is taken to the common pleas court, the court:
 shall determine the taxable value of the property whose valuation or assessment for taxation by the county board of revision is complained of, or if the complaint and appeal is against a discriminatory valuation, shall determine a valuation that shall correct the discrimination * * * [and] shall increase or decrease the valuation of the property whose valuation or assessment by the county board of revision is complained of by a per cent or amount that will cause the property to be listed and valued for taxation by an equal and uniform rule
R.C. 5717.05.
In his "prayer for relief" to the trial court, Ferrone asserted that "in accordance with the equal and uniform rules of taxation: the market value of appellant's property should be $191,190." MBOR had ruled that there be "no change" to the true value, which the auditor had determined to be $231,130. By his prayer, Ferrone communicated to the trial court that he believed the valuation of his property was both incorrect and discriminatory.
Because Ferrone has properly appealed MBOR's affirmation of the valuation of his property by the Medina County Auditor, he is entitled to a de novo determination of that value by the trial court. Black v. Board of Revision (1985), 16 Ohio St.3d 11,13-14. If the trial court finds the valuation discriminatory he is entitled to an adjustment of the valuation that will correct the discriminatory assessment. Poffenberger v. Board of Revisions
(1977), 54 Ohio App.2d 89, 95. The trial court is not required to conduct a trial de novo on the matter, but it may not dismiss the matter without making the evaluation based on the record evidence, at a minimum, as required by statute. Black, 16 Ohio St.3d at 14. This assignment of error is sustained.
 B. Failure to Address Essential Issues Raised
The authority of county boards of revision to hear complaints is limited, in relevant part, to complaints "relating to the valuation or assessment of real property."[3] R.C. 5715.19. In an appeal pursuant to R.C. 5717.05, the court must determine the taxable value of the property and, if it finds that the auditor's valuation was discriminatory, adjust the value of the property so that taxation of it is by an equal and uniform rule. Because the court procedure is an appeal from an administrative decision, the common pleas court does not act as a court of general jurisdiction, but rather its authority is limited by the statute that authorizes the appeal. Section 4(B), Article IV, Constitution; 75 Public Square v. Cuyahoga Cty. Bd. of Revision
(1991), 76 Ohio App.3d 340, 346. In this special proceeding, as it relates to this particular case, the court is limited to determining the correct valuation or adjusting the valuation by an amount or percentage that will correct a discriminatory assessment. R.C. 5717.05
Ferrone has challenged two portions of the method by which the Medina County Auditor assesses taxes, which he has contended results in something other than a uniform mode of taxation. Both the Ohio and United States Constitutions require that the method used to value property yield results comparable to values of surrounding equivalent property, and that the rate and mode of assessment result in uniform taxation. Poffenberger,54 Ohio App.2d at 91-92; Frederick Bldg. Co. v. Bd of Revision (1968),13 Ohio St.2d 59 at paragraph one of the syllabus. Ferrone has argued that the statutes require that a series of products be calculated in a particular order, and that the auditor's "bureaucratic shortcut" of calculating the products in a different order results in an assessment that is "contrary to equal and uniform rules of taxation."[4] While a determination as to whether strict statutory compliance is required with respect to the order of multiplication is beyond the scope of an appeal pursuant to R.C. 5717.05, consideration of whether the mode of assessment results in non-uniform taxation is not.
Ferrone has also argued that the articulation of a specific value for the portion of his property that serves as a residence results in a lower per acre value for the remainder non-residential portion of the property. As a consequence of this, he believes that his forest land is valued at less than that of comparable surrounding forest land. Because of this he has contended that the value of his tax reduction is less than that granted owners of comparable surrounding property on which there are no residential sites. He has argued that this results in a nonuniform assessment of taxes. To the extent that the mode of assessment, including the determination of the true value, results
in a nonuniform assessment of taxes the issue is cognizable.
The arguments made by Ferrone, that the method of determining the forest tax reduction or the articulation of a specific value for the residential portion of the property are improper simply because they violate one or more statutes are not cognizable in this administrative appeal. If it is determined, however, that either "bureaucratic shortcut" results in an incorrect valuation or a discriminatory assessment, the trial court must correct the valuation or adjust the valuation in a manner to correct the discrimination. R.C. 5717.05. This assignment of error is sustained to the extent that an improper valuation or a discriminatory assessment resulted from the error of which he complained.
 C. Failure of the Trial Court to Provide a Plain and Adequate Remedy
The Ohio Constitution grants to courts of common pleas both original jurisdiction and power of review over administrative proceedings. Section 4(B), Article IV, Constitution. The grant of original jurisdiction is a broad grant of power over "all justiciable matters." Id. The power of review is much more limited, being restricted to such review "as may be provided by law." Id. A common pleas court is authorized to hear an appeal from a board of revision by statute, and its authority and remedies are limited by statute. 75 Public Square,76 Ohio App.3d at 346. As it pertains to this appeal, the trial court may determine the correct valuation, or a valuation that will correct a discriminatory assessment, and certify its judgment to the auditor for correction of the tax duplicate. R.C. 5717.05.
Ferrone has complained that the trial court (1) did not provide him the plain and adequate remedy he sought but rather directed him inappropriately to the Tax Commissioner and (2) did not recommend an alternative remedy when it could not provide him with the remedy he sought. This case is an appeal of an administrative decision, pursuant to R.C. 5717.05. What Ferrone requests is not within the authority granted by the enabling statute, and the court cannot constitutionally exercise greater power than it is thus granted.
 III
Because a de novo determination of property valuation, and of whether a tax assessment is discriminatory is mandatory when a decision of a county board of revision is appealed to the county court of common pleas, Ferrone's first assignment of error is sustained. To the extent that the methods complained of in Ferrone's second assignment of error have an impact on valuation or on a determination of whether an assessment is discriminatory that error is sustained as well. Ferrone's remaining errors are overruled, because an administrative appeal is not the proper forum to address the concerns that Ferrone raises. The judgment is reversed and the cause is remanded to the Medina Court of Common Pleas for further action consistent with this order.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellees.
 Exceptions. ___________________________ WILLIAM R. BAIRD
FOR THE COURT
SLABY, P. J.
MILLIGAN, J. CONCUR
(Milligan, J., retired Judge of the Fifth District Court of Appeals, sitting by assignment pursuant to Section 6 (C), Article IV, Constitution.)
[1] Although Ferrone has assigned six separate errors, and nominally used the format prescribed by App.R. 16, the errors overlap and his discussions of them generally do not point to specific parts of the record in which each error is reflected. In addition, in his "Argument and Law" section Ferrone has articulated three "Proposition[s] of Law," which do not easily correlate with the errors he has assigned. Because of this, the errors assigned by Ferrone have been reordered and combined so that this Court can address them in a logical and thorough manner.
[2] Ferrone v. Brown (N.D. Ohio June 1, 1993), No. 5:92 CV 2676, unreported.
[3] There are five bases for a complaint pursuant to R.C.5715.19. The other four are not relevant to this appeal.
[4] Ferrone has land that qualifies for a forest tax reduction. The relevant statutes direct that taxable value be determined by finding the product of true value and the common level of assessment. R.C. 5715.01. The tax rate on forest land is to be determined by multiplying the regular tax rate by 50%. R.C. 5713.23. The tax on his forest land is the product of the taxable value and the forest land tax rate. Id. The auditor determined the tax on his forest land by calculating the product of the true value, common level of assessment, and 50%. He then multiplied this product by the regular tax rate. Mathematically, using elementary algebra, it can be shown that the two are identical. Because the numbers must eventually be rounded, there may be trivial differences that arise when the rounding is done at slightly different stages in the calculations.