[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JOURNAL ENTRY
For the reasons stated in the opinion of this Court rendered herein on December 30, 1999, the assignments of error are overruled, and it is the judgment and order of this Court that the judgment of the Court of Common Pleas of Ottawa County is affirmed at the costs of the appellant for which judgment is rendered and that the cause be remanded to that court for execution.
It is further ordered that the Clerk of this Court certify a copy of this judgment to that court as the mandate prescribed by Appellate Rule 27 or by any other provision of law, and also furnish a copy of any opinion filed concurrently herewith directly to the trial judge.
______________________________
______________________________
 ______________________________ JUDGES
 OPINION
Appellant, Francis C. Restivo, appeals from the decision of the Ottawa County Court of Common Pleas affirming the decision of the Ottawa County Board of Revision which refused to reduce the "true value in money" of Appellant's real property.
Appellant's property is located in the Catawba Orchard Beach subdivision in Catawba Township, Ottawa, Ohio. The Ottawa County Auditor valued the real property at $183,480.00 for the 1997 tax year. Pursuant to R.C. § 5715.19, a real property owner may file a complaint with the County Auditor challenging the determination of the total valuation or assessment of any parcel that appears on the tax list, with some exceptions not applicable to the present case. On March 6, 1998, Appellant filed a "Complaint Against the Valuation of Real Property" alleging the following:
 It is the basis of this complaint that the subject property to wit: Lot 58 in Orchard Beach Subdivision was improperly and unfairly listed as to its taxable value because and solely due to its location as water front property.
 * * *
 All the demonstrated properties show a remarkable similarity in that the water front properties were subjected to a far greater percentage of increase of taxable value then were the contiguous properties and specifically Lot 58. Thus the differential treatment, lacking uniformity and equity, amounted to undeniable discrimination in that the process used on Lot 58 resulted in a gross disparity as to the assessed value of residential property not listed as water front.
Appellant requested that the Ottawa County Board of Revision reduce the true value of his property from $183,180.00 to $91,820.00.
It is the responsibility of the County Board of Revision to hear a properly filed complaint to determine whether an increase or decrease in any valuation is warranted or whether other corrective action is necessary. R.C. § 5715.11. On July 28, 1998, the Ottawa County Board of Revision issued its decision denying Appellant's complaint and thereby affirming the true value of Appellant's real property as affixed by the County Auditor.
An aggrieved party may appeal the decision of the Board of Revision to the Board of Tax Appeals. R.C. § 5717.01. Alternatively, an aggrieved party may appeal the decision of the Board of Revision directly to the Court of Common Pleas. R.C. § 5717.05. Pursuant to R.C. § 5717.05, Appellant appealed the decision of the Board of Revision directly to the Ottawa County Court of Common Pleas. In his brief to the Common Pleas Court Appellant made the following assertions:
 The appellant contends that his waterfront residential property is being revalued upwardly at a substantially higher rate of increase than other residential owners merely because his property appears to be waterfront property. From the evidence adduced it may be reasonably concluded that unequal methods of valuation are being used to arrive at the taxable value for waterfront versus nonwaterfront properties.
 * * *
 The evidence adduced supports a finding that the County, through its appraisal agency, developed an intentional systematic method of valuation, treating residential waterfront property unequally from residential non-waterfront property, without any rational basis.
On June 30, 1999, the Court of Common Pleas entered its Judgment affirming the decision of the Board of Revision. It is from this Judgment that Appellant now appeals, presenting two assignments of error.
In the interest of clarity and efficiency we will address Appellant's second assignment of error first.
 Assignment of Error Number Two The Common Pleas Court's decision to affirm the decision of the County Board of Revision was unreasonable and unlawful when, based upon the transcript:
 (A) The Auditor failed to produce any rebuttal evidence after the taxpayers produced competent and probative evidence to establish a discriminatory method of valuation of real estate.
 (B) The method of appraising all property within a given classified category was not applied uniformly and equally as required by the Ohio Constitutional (sic).
Before addressing the merits of Appellant's assignment of error, we note the applicable standard of review. As discussedsupra, R.C. § 5717.05 provides for the appeal of a decision of a County Board of Revision directly to the appropriate Court of Common Pleas. While R.C. § 5717.05 requires more than a mere review of the decisions of the Board of Revision, that review may be properly limited to a comprehensive consideration of existing evidence and, in the court's discretion, to an examination of additional evidence. The court should consider all such evidence and determine the taxable value through its independent judgment. In effect, R.C. § 5717.05 contemplates a decision de novo. It does not, however, provide for an original action or trial de novo. Black v. Bd. Of Revision (1985), 16 Ohio St.3d 11,14, 475 N.E.2d 1264. Therefore, the independent judgment of the trial court should not be disturbed absent a showing of abuse of discretion. Murray Co. Marina Inc. v. ErieCty. Bd. of Rev. (1997), 123 Ohio App.3d 166, 171-172,703 N.E.2d 846, 849-850, relying on Black, 16 Ohio St.3d 11,475 N.E.2d 1264, paragraph one of the syllabus. Specifically, an appeals court should not question the trial court's judgment, unless such determination is unreasonable, arbitrary, or unconscionable.Black, 16 Ohio St.3d at 14, 475 N.E.2d at 1268.
We turn now to the merits of Appellant's second assignment of error. In the first aspect of the second assignment of error, Appellant essentially argues that he offered evidence of a discriminatory method of valuation of real property sufficient to shift the burden of persuasion and require the County Auditor to come forward with rebuttal evidence.
The Court of Common Pleas, in its Journal Entry dated June 30, 1999, made the following determinations:
 * * * As required by R.C. 5717.05, the Court has made its own independent judgment as to the true value in money of Appellant's property based on all such evidence.
 Appellant has not challenged the County Auditor's determination of the true value of the property involved in this appeal and has not presented any evidence to prove that the County Auditor overvalued the property * * *
 The Court finds that Appellant has failed to prove that the County Auditor engaged in a discriminatory valuation of Appellant's property * * *
 * * * The Auditor was not required to prove that his valuations were correct * * * (Emphasis added).
The Common Pleas Court then concluded that the true value and taxable value of Appellant's real property as determined by the County Auditor, and affirmed by the Board of Revision, were the correct valuations of Appellant's real property
A taxpayer is entitled to a reduction claimed only when he has presented evidence sufficient to meet the requisite burden of proof. On the contrary, where the County Auditor and the Board of Revision are appellees, they are not required to present any evidence. Western Indus., Inc. v. Hamilton Cty. Bd. of Revision
(1960), 170 Ohio St. 340, 164 N.E.2d 741, Higbee Co. v. Evatt
(1942), 140 Ohio St. 325, 332, 43 N.E.2d 273, 276. In WesternIndustries, Inc., 170 Ohio St. 340, 164 N.E.2d 741, where the taxpayer was the appellant before the board of tax appeals, the Supreme Court of Ohio stated, "[t]he burden is on the taxpayer to prove his right to a deduction. He is not entitled to the deduction claimed merely because no evidence is adduced contra his claim." Id. at 170 Ohio St. at 312, 154 N.E.2d at 743. "[A] taxpayer on appeal may successfully challenge a determination of a Board of Revision only where the taxpayer produces competent and probative evidence to establish the correct value of the subject property." Amsdell v. Cuyahoga Cty. Bd. Of Revision
(1994), 69 Ohio St.3d 572, 574, 635 N.E.2d 11, 13. The real property owner is required to establish by "sufficient probative and competent evidence, that the value of the property is other than established by the [board of revision]." Cincinnati v.Hamilton Cty. Bd. Of Revision (1994), 69 Ohio St.3d 301, 303,631 N.E.2d 1038, 1039.
Simply stated, the statutory scheme for appealing the auditor's assessment provides that the taxpayer has the initial burden to show his right to an adjustment, see R.C. § 5717.01 et seq.; the appellant seeking an increase or decrease in value bears the burden of persuasion. Cincinnati School Dist. Bd. of Edn. v.Hamilton Cty. Bd. of Revision (1997), 78 Ohio St.3d 325,677 N.E.2d 1197. The auditor has no corresponding burden to defend its initial valuation until the taxpayer has presented credible, probative evidence of the right to a reduction. Murray Co.Marina, 123 Ohio App.3d 166, 174, 703 N.E.2d 846, 857. Even then, if the appellee in a valuation case elects to not present any evidence to rebut an appellant's evidence, the appellee takes the chance that the evidence presented by appellant may be found to be competent and probative, and therefore dispositive. On the other hand, the appellee may elect to present evidence and such evidence may or may not be found by the appellate body to be credible and probative in rebutting appellant's evidence.
In the present case, the crux of Appellant's argument before the Board of Revision and the Court of Common Pleas was that the Auditor engaged in discriminatory valuation of Appellant's real property. A claim of discriminatory valuation requires a showing that real property in the same class has been intentionally and systematically underassessed when compared with the taxpayer's own assessment. Meyer v. Cuyahoga Cty. Bd. Of Revision (1979),58 Ohio St.2d 328, 334, 390 N.E.2d 796, 800. "Standing alone, a mere variance from the common level of assessment is insufficient to establish [the] claim." Murray Co. Marina, 123 Ohio App.3d 166,175, 703 N.E.2d 846, 852.
The only evidence offered by Appellant at the Board of Revision hearing and considered by the Court of Common Pleas was a statistical comparison of parcels within the same class (residential) of property. This analysis purported to disclose that valuations of "waterfront" property increased substantially more than valuations for "non-waterfront" property. According to Appellant, this comparison constitutes evidence of the systematic and intentional discriminatory valuation of "waterfront" properties sufficient to force the County Auditor to come forth with evidence of the method utilized to value the "waterfront" properties. We disagree.
The Court of Common Pleas found that Appellant failed to prove that the County Auditor engaged in a discriminatory valuation of Appellant's property. We note that the Common Pleas Court properly placed the burden of persuasion on Appellant, for it is the responsibility of an appellant to demonstrate the right to a reduction in the valuation of his property. Additionally, the Common Pleas Court properly recognized that Appellant was required to prove that other residential property had been intentionally and systematically underassessed when compared to Appellant's own assessment.
Because the burden of persuasion was on Appellant and because Appellant failed to meet the burden necessary to demonstrate discriminatory valuation of his property, the decision of the Court of Common Pleas affirming the decision of the Board of Revision was neither unreasonable nor unlawful. That the County Auditor did not offer evidence of the valuation method utilized does not make the decision of the Court of Common Pleas unreasonable or unlawful.
In the second aspect of his second assignment of error, Appellant argues that his real estate has been reappraised and taxed by a different method than that utilized for his neighbors, and thence such taxing is unconstitutional contrary to Section 2, Article XII of the Ohio Constitution which provides, "[l]and and improvements thereon shall be taxed by uniform rule according to value." It is well established in Ohio that taxation by uniform rule, within the requirements of Section 2 of Article XII of the Ohio Constitution and Section 1 of the Fourteenth Amendment to the United States Constitution, requires uniformity in the mode of assessment. Real property, whether commercial, residential, or vacant, must be assessed on the basis of the same uniform percentage of actual value. Black, 16 Ohio St.3d 11, 16, citingGoldberg v. Bd. Of Revision (1966), 7 Ohio St.2d 139,218 N.E.2d 723, syllabus, citing State, ex rel. Park Invest. Co., v. Bd. ofTax Appeals (1964), 175 Ohio St. 410, 195 N.E.2d 908; Koblenz v.Bd. Of Revision (1966), 5 Ohio St.2d 214, 215 N.E.2d 384.
The Ohio constitutional guarantee of taxation by uniform rule guarantees uniformity in the mode of assessment, not perfection in the determination of true value. Perfect equality being practically unattainable, the Supreme Court has sanctioned the present system of sexennial on-site appraisals and triennial updates as the fairest and most equitable procedure for complying with the constitutional mandate of taxation by uniform rule.State, ex rel. Park Invest v. Bd. Of Tax Appeals (1972), 32 Ohio St.2d 28,32, 289 N.E.2d 579, 582; see, also, Ohio Adm. Code5705-3-02. At least once each six-year period the County Auditor of each county is to review and appraise each parcel of real property and the improvements thereon in the county and the appraisal is to reflect the 100 per cent "true value in money" of each parcel appraised. Ohio Adm. Code 5705-3-02 (B). The auditor is then to place each parcel of real property on the tax duplicate at its "taxable value" which is thirty-five per cent of its "true value in money." In the "update year" (triennial), the County Auditor is to determine whether each parcel of real property and the improvements thereon is appraised at its "true value in money." If during the triennial there has been an increase or decrease in value, the auditor is required to adjust the tax records to show the "true value in money" and the new resulting "taxable value." Ohio Adm. Code 5705-3-02 (C).
"True value in money" is defined and the manner in which it is to be calculated is explained extensively in Ohio Adm. Code5705-3-01, Ohio Adm. Code 5705-3-02 (A), Ohio Adm. Code 5705-3-02
(C), Ohio Adm. Code 5705-3-03 (D), Ohio Adm. Code 5705-3-05, Ohio Adm. Code 5705-3-07, Ohio Adm. Code 5705-3-08. When arriving at the "true value in money" calculation, the auditor is instructed to consider numerous factors, including but certainly not limited to, the physical nature of the property (Ohio Adm. Code 5705-3-02
(A)); the frontage, depth, area, and corrective factors (Ohio Adm. Code 5705-3-05 (B)); and, topography, land pattern, and neighborhood type and trend (Ohio Adm. Code 5705-3-07 (B)).
Following reappraisal after the sexennial, the County Auditor is required to file an abstract with the department of tax equalization. Ohio Adm. Code 5705-3-12 (A)(1). The department of tax equalization then reviews the appraisal in the field to determine whether all real property has been uniformly appraised at "true value in money." Following such review, department of tax equalization staff recommend to the commissioner of tax equalization whether to accept the reported appraisal values or reject the values. Ohio Adm. Code 5705-3-12 (A)(2). The commissioner then transmits to the County Auditor an order containing recommendations of any changes in aggregate values, or in any class thereof, in the county or any taxing district thereof. Ohio Adm. Code 5705-3-12 (A)(3). After reviewing the commissioner's order, the auditor must submit to the commissioner a "final abstract" of "taxable values" and a "final abstract" of the current year's "true value" of land. Id. The commissioner then reviews the final abstracts and issues a final order if appropriate. Id.
Following a sexennial reappraisal, the County Auditor in the triennial shall analyze local real estate sales that have occurred in the last three proceeding calendar years together with other related information pertaining to the real property. Ohio Adm. Code 5705-3-12 (B)(1). This local information is then compared with the preliminary estimates of changes in real property tax values needed for that tax year provided by the department of tax equalization. Ohio Adm. Code 5705-3-12 (B)(2). After considering the above information, the County Auditor then proceeds under paragraphs (c) through (f) of 5705-3-02 of the Ohio Adm. Code to increase or decrease the "true" and "taxable" value of each parcel of real property in the county.
We note that we have engaged in this relatively thorough discussion to demonstrate the extensive procedures required to be followed to arrive at both the "true value in money" calculation as well as the "taxable value" calculation. The process is extremely deliberate and laborious and cannot be undertaken haphazardly.
In the presence of such tedious requirements, Appellant argues in essence that the County Auditor, in arriving at the "true value in money" calculation for properties located on the waterfront, impermissibly considered the fact that those parcels are located on the water's front. Appellant claims "the same constitutional provisions [that require uniformity in the mode of assessing all property based on a uniform percentage of actual value] require uniformity in the method of appraising all property within a classified category before applying a uniform percentage of actual value." (Emphasis Appellant's). The uniformity in the method of appraising Appellant seeks is found in R.C. § 5713.03, which requires the County Auditor to determine the "true value" of each parcel using the "best sources of information available." Additionally, the extensive Rules provided in the Ohio Adm. Code serve to further ensure that all real property is uniformly appraised.
Appellant has provided no evidence that the Ottawa County Auditor violated any of the extensive provisions of the Ohio Rev. Code or Ohio Adm. Code when the real property within Ottawa County was revalued. Further, Appellant conceded before the Court of Common Pleas that he did not know whether his property had been overvalued or the "non-waterfront" property had been undervalued. Assuming arguendo that the sole reason for the "disproportionate" increase in the appraisals of "waterfront" property versus "nonwaterfront" is that "waterfront" property is located on the water's front, Appellant would at a minimum have to offer some evidence indicating that reliance upon such a factor was somehow erroneous or discriminatory. The provision that real property may be particularly assessed (R.C. §5713.01), as was done in this case, contemplates that certain characteristics may cause property to increase or decrease in value. Certainly, that a parcel of land is located on the water's front is a factor worthy of being considered when valuing the property. If however such a factor is not reasonable to consider, it was the burden of Appellant to demonstrate as such; a burden Appellant failed to meet.
In sum, Appellant argues that his statistical analysis, indicating that the value of "waterfront" property increased significantly in comparison to the value of "non-waterfront" property, is sufficient to demonstrate a systematic, intentional discriminatory valuation by the County Auditor and the burden of persuasion was therefore shifted to the Auditor. We disagree. Had Appellant offered evidence of resale prices of "waterfront" properties or testimony from a real estate agent or professional appraiser indicating that the "true value in money" of "waterfront" or "non-waterfront" properties as calculated by the County Auditor were erroneous, such evidence would have perhaps suggested discriminatory valuation. Considering the insubstantial evidence actually offered by Appellant, even a mere suggestion of intentional, systematic discriminatory valuation is tenuous at best.
Finally, we pause to note that portions of Appellant's arguments before the Board of revision and the Court of Common Pleas seem to suggest that Appellant is asserting an Equal Protection claim under the Fourteenth Amendment to the United States Constitution. To succeed in such a claim, Appellant would be required to show that other property in the same class has been intentionally underassessed when compared to his own property and, if such discrimination were present, that there is no rational basis upon which the state might choose to systematically underassess a given class of property. Nordlingerv. Hahn (1992), 112 S.Ct. 2326. As Appellant has failed to demonstrate the presence of a systematic, intentional discriminatory valuation of "waterfront" property, he would certainly fail to meet the Equal Protection standard.
Because the Ottawa County Auditor was not required to offer rebuttal evidence and because Appellant failed to establish by the requisite burden that the method of valuation of property used by the County Auditor was discriminatory, Appellant's second assignment of error is without merit. Accordingly, Appellant's second assignment of error is overruled.
 Assignment of Error Number One The Ottawa County Auditor has not met its burden of proving the true value at the hearing of the board of revision when the auditor did not produce any evidence relative to values nor methods of valuation.
Appellant's first assignment of error is in essence duplicative of the argument advanced in the first aspect of his second assignment of error. We concluded in the second assignment of error that the County Auditor was not required to come forward with any evidence at the Board of Revision hearing because, interalia, Appellant failed to meet the requisite burden of coming forward with evidence sufficient to shift the burden of production to the Auditor. Consequently, we will not address this issue again as the decision of the Court of Common Pleas was not unreasonable, arbitrary or unconscionable. Therefore, Appellant's first assignment of error is overruled.
Accordingly, we hold Appellant's assignments of error to be without merit. Finding no error prejudicial to appellant, in the particulars assigned and argued, the judgment of the Ottawa County Court of Common Pleas is affirmed.
Judgment affirmed.
SHAW and HADLEY, JJ., concur.
 (BRYANT, P.J., SHAW and HADLEY, JJ., of the Third AppellateDistrict sitting by assignment in the Sixth Appellate District.)