28

THE STATE, EX REL. THE PARK INVESTMENT CO., *v.* BOARD OF TAX APPEALS ET AL.

[Cite as State, ex rel. Park Invest. Co., v. Bd. of Tax Appeals (1972), 32 Ohio St. 2d 28.]

(No. 68-277—Decided November 15, 1972.)

*Messrs. Forrester & Kovanda,* for relator.

*Mr. William J. Brown,* attorney general, *Mr. Dwight C. Pettay, Jr.,* and *Mrs. Maryann B. Gall,* for respondent Board of Tax Appeals.

*Per Curiam.* This proceeding is before the court on relator's motion to require respondent Board of Tax Appeals to show cause why it should not be adjudged in contempt for failing to perform its statutory and constitutional duties, as ordered, under the writ of mandamus issued by this court in *State, ex rel. Park Invest. Co., v. Bd. of Tax Appeals* (1968), 16 Ohio St. 2d 85. In that case, we stated:

"* * * it is the mandatory duty of the Board of Tax Appeals to see that all real property within the state of Ohio is assessed at a uniform percentage of its true value in money * * *."

In a later decision, *State, ex rel. Park Invest. Co., v. Bd. of Tax Appeals* (1971), 26 Ohio St. 2d 161, holding that a legislative enactment suspending the Board of Tax Appeals' authority to issue rules in furtherance of this court's mandate until 1972 was invalid, we stated:

"The county auditor, the Board of Revision, the Board of Tax Appeals, the General Assembly and this court are required to follow the provisions of Section 2 of Article XII of the Ohio Constitu-

tion and Section 1 of the Fourteenth Amendment to the Constitution of the United States—now, as well as after 1972.''

This court, in previous *Park* decisions, interpreted Section 2, Article XII of the Ohio Constitution, mandating that ''land and improvements thereon shall be taxed by uniform rule according to value,'' to require that real property, whether commercial, industrial, residential or agricultural, must be assessed on the basis of the same percentage of actual value. *State, ex rel. Park Invest. Co.,* v. *Bd. of Tax Appeals* (1964), 175 Ohio St. 410; *State, ex rel. Park Invest. Co.,* v. *Bd. of Tax Appeals, supra* (26 Ohio St. 2d 161). See, also, *Frederick Bldg. Co.* v. *Bd. of Revision* (1968), 13 Ohio St. 2d 59.

It has also been held by this court that the best method of determining ''actual or true value'' of real property, in the absence of an actual sale of such property, is an appraisal based on the amount that such property would bring if sold on the open market. *Park Invest. Co.* v. *Bd. of Tax Appeals, supra* (175 Ohio St. 410, 412). See *In re Estate of Sears* (1961), 172 Ohio St. 443.

Upon the bases of past decisions, this court concluded, in *Park Invest. Co.* v. *Bd. of Tax Appeals, supra* (26 Ohio St. 2d 161), that the Board of Tax Appeals had a mandatory duty under R. C. 5715.011, effective May 14, 1969, to ''take such steps as are necessary to effect an orderly correction of any inequalities in the percentage of true value at which all real property and all classes thereof are assessed for taxation.''

Pursuant to that mandate, the Board of Tax Appeals promulgated and adopted Rules BTA-5-01, BTA-5-06 and BTA-5-11 on December 17, 1971, which, in pertinent parts, require that each parcel of real property in Ohio be placed on the 1972 tax duplicate subject to taxation at a uniform assessment of 35 percent of its current market value and that all parcels of real property be valued on the basis of current market value, rather than current use.

On June 28, 1972, Amended Substitute Senate Bill No. 455 was passed by the Legislature. Its terms are in partial conflict with the prior decisions of this court. It com-

manded a staggered delay in the equalization of taxable values for the years 1972, 1973, 1974, 1975, 1976 and 1977 by means of each county's sexennial reappraisal and required that "true value" shall take into consideration the current use of the property, rather than market value.

On July 3, 1972, the Board of Tax Appeals, recognizing the conflict, filed with this court an "Application for Further Instructions," which was denied.

In an entry dated August 8, 1972, the Board of Tax Appeals considered and approved the real property abstract of Scioto County pursuant to the county's sexennial reappraisal.

The board found that the real property and various classes thereof in Scioto County had not been valued and assessed for taxation in conformity with the board's Rules BTA-5-01, BTA-5-06 and BTA-5-11 of December 17, 1971, for the following reasons:

"(1) It appears the various classes of real property are assessed for taxation in the following percentages of true value or market value:

| "(A) Residential | 32.72% |
| "(B) Industrial and Commercial | 32.72% |
| "(C) Agricultural | 24.84% |

"(2) The various classes of real property have not been assessed for taxation at 35% of true value or current value as of January 1, 1972, as required by said rules.

"(3) Some of the parcels of real property have been valued and assessed on the basis of 'current use' rather than on the basis of true value or current market value as required by the Ohio Constitution."

The board found further that the taxable values in the abstract were not "determined on the basis established by the Supreme Court of Ohio * * *" in the four *Park Invest. Co.* cases and that the "taxable values in said abstract have not been determined on the basis of the rules promulgated and adopted by this board on December 17, 1971."

However, pursuant to the provisions of Amended Substitute Senate Bill No. 455, the board approved the ab-

stract as filed and authorized the extension and collection of taxes thereon.

Prior decisions of this court clearly establish that the Board of Tax Appeals is an administrative agency and without jurisdiction to determine the constitutional validity of a statute. *S. S. Kresge Co.* v. *Bowers* (1960), 170 Ohio St. 405.

They also establish that the board is a creature of statute, that it is limited to the powers with which it is invested by the General Assembly, and that it must be governed by the latest legislation. *Steward* v. *Evatt* (1944), 143 Ohio St. 547; *Morgan County Budget Comm.* v. *Bd. of Tax Appeals* (1963), 175 Ohio St. 225.

In the 1971 *Park Invest. Co.* case, *supra* (26 Ohio St. 2d 161), paragraphs one and two of the syllabus state the board's duties:

"1. The Board of Tax Appeals has the power and the mandatory duty to direct and supervise the assessment for taxation of all real property in this state. (R. C. 5715.01, effective May 14, 1969.)

"2. The Board of Tax Appeals has the mandatory duty, in the exercise of its supervisory power and duty, pursuant to R. C. 5715.01, to *take such steps as are necessary to effect an orderly correction of any inequalities in the percentage of true value at which all real property and all classes thereof are assessed for taxation.* (R. C. 5715.-011, effective May 14, 1969.)"

Amended Substitute Senate Bill No. 455 superseded the rules promulgated by the Board of Tax Appeals as to the proper procedure to be followed in effecting an orderly correction of any inequalities in the percentage of true value at which all real property and classes thereof are to be assessed for taxation.

Inasmuch as the board is bound by its statutory authority, it was obliged to approve the Scioto County abstract in accordance with the standards set by the General Assembly in Amended Substitute Senate Bill No. 455.

In the 1971 *Park Invest. Co.* case, *supra* (26 Ohio St. 2d 161), this court in a similar situation denied the motion for an order for contempt, pointing out, in the opinion, that:

"While the board indeed is a creature of statute, it is elementary that a statute or a separable portion thereof which offends a constitutional provision is invalid."

Recognizing, therefore, that the statutory mandate of Amended Substitute Senate Bill No. 455 was binding upon the board, this court denies the motion for an order requiring the Board of Tax Appeals to show cause why it should not be adjudged in contempt of court.

Amended Substitute Senate Bill No. 455, insofar as it establishes a uniform system of actual on-site appraisals for every parcel of real property in the state of Ohio, is the fairest and most equitable procedure for complying with R. C. 5715.011 and this court's mandate in the 1971 *Park Invest. Co.* decision.

Although this procedure will require until 1977 to complete, this delay is necessitated by the hardship to the counties (primarily, expense to the smaller counties) in conducting such an appraisal. Incorporating the correction of inequalities, required by the General Assembly and this court, into the existing staggered sexennial reappraisal provides a more orderly and less expensive alternative to an independent statewide appraisal to be completed during the period of a single year.

This court's approval does not, however, extend to the statutory provision establishing the current use of real property as the basis for valuation pursuant to a uniform tax assessment. We have held that Section 2, Article XII of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution require that the ultimate result of an appraisal must be to determine that amount which the property should bring if sold on the open market. *State, ex rel. Park Invest. Co.,* v. *Bd. of Tax Appeals, supra* (175 Ohio St. 410, 412); *State, ex rel. Park Invest. Co.,* v. *Bd. of Tax Appeals, supra* (26 Ohio St. 2d 161, 167).

In the 1964 *Park Invest. Co.* decision (175 Ohio St. 410), at page 412, the court specifically stated:

"The best method of determining value, when such information is available, is an actual sale of such property between one who is willing to sell but not compelled to do so and one who is willing to buy but not compelled to do so,

Paragraph two of the syllabus in *In re Estate of Sears*, 172 Ohio St. 443, 178 N. E. 2d 240. This, without question, will usually determine the monetary value of the property. However, such information is not usually available, and thus an appraisal becomes necessary. It is in this appraisal that the various methods of evaluation, such as income yield or reproduction cost, come into action. Yet, no matter what method of evaluation is used, the ultimate result of such an appraisal must be to determine the amount which such property should bring if sold on the open market.''

Since the current use method of evaluation excludes, among other factors, location and speculative value which comprise market value, such current use method cannot be made the basis for valuation of real property for tax assessment purposes, and that portion of Amended Substitute Senate Bill No. 455 making provision for such method of valuation is invalid, as being contrary to Section 2, Article XII of the Ohio Constitution, which enjoins that ''land and improvements thereon shall be taxed by uniform rule according to value.''

The Board of Tax Appeals is ordered to proceed with its duty to correct inequalities in the assessment of real property in Ohio in accordance with the procedure set out in Amended Substitute Senate Bill No. 455, but employing a method of valuation based on the fair market value that the assessed real property should bring if sold on the open market.

*It is so ordered.*

O'NEILL, C. J., CORRIGAN, STERN, LEACH and BROWN, JJ., concur.

SCHNEIDER, J., concurring. I concur except in so far as the court places its imprimatur upon the constitutionality of the remainder of Am. Sub. Senate Bill No. 455.

HERBERT, J., concurring. I do not consider that this opinion completely excludes from the evaluation process the element of current use. It is quite apparent to me that one of the many factors weighed by willing buyers and sellers of land and improvements is the use to which the subject property is currently being put.