CLEVELAND BOARD OF EDUCATION, APPELLANT, *v.* CUYAHOGA
COUNTY BOARD OF REVISION ET AL., APPELLEES.

(No. 75-174—Decided November 26, 1975.)

*Messrs. Kelley, McCann & Livingstone, Mr. Walter C.
Kelley, Mr. Fred J. Livingstone* and *Mr. Michael L. Gordon,*
for appellant.

*Mr. John T. Corrigan*, prosecuting attorney, and *Mr. Thomas P. Cyrus*, for appellees Cuyahoga County Board of Revision and County Auditor.

*Messrs. Thompson, Hine & Flory, Mr. William D. Ginn, Mr. Thomas A. Mason* and *Mr. Douglas O. Cooper*, for appellee Fullwell Motor Products Co.

*Per Curiam.* The issue before this court is whether the decision of the Board of Tax Appeals applying the 1973 Cuyahoga County common level of assessment of 30.6 percent to determine the taxable value of the subject property is unreasonable or unlawful.

"The Board of Tax Appeals has the mandatory duty, in the exercise of its supervisory power and duty, pursuant to R. C. 5715.01, to *take such steps as are necessary to effect an orderly correction of any inequalities in the percentage of true value at which all real property and all classes thereof are assessed for taxation.* (R. C. 5715.011, effective May 14, 1969.)" *State, ex rel. Park Invest. Co., v. Bd. of Tax Appeals* (1971), 26 Ohio St 2d 161, paragraph two of the syllabus; *State, ex rel. Park Invest. Co., v. Bd. of Tax Appeals* (1972), 32 Ohio St. 2d 28, 31.

R. C. 5715.012 requires the use of "sales assessment ratio studies of sales and assessments of real property for the purpose of determining the common level of assessment and appraisal of real property within the counties pursuant to Section 5715.19 of the Revised Code and for the purpose of equalization."

Appellant contends that "to the extent the application of these statutes [R. C. 5715.012 and 5715.19] causes greater statewide non-uniformity, the statutes have an unconstitutional effect and cannot be so applied," and that the "erosion" of this common level of assessment to 30.6 percent in 1973 (and to 28.4 percent in Cuyahoga County in 1974) makes more difficult the institution of statewide uniformity, because "it increases the disparity between the level of taxation in Cuyahoga County and the remainder of the state."

This court finds appellant's contention to be without merit.

In *State, ex rel. Park Invest. Co.,* v. *Bd. of Tax Appeals, supra* (32 Ohio St. 2d 28), this court upheld the "legislative directive * * * [to] stagger statewide implementation of the board's uniform valuation rules over a six-year cycle beginning in the tax year 1972." *Bd. of Edn.* v. *Fulton County Budget Comm.* (1975), 41 Ohio St. 2d 147, 150.

In the 1972 *Park Investment* case, *supra,* at page 32, this court stated, as follows:

"Amended Substitute Senate Bill No. 455, insofar as it establishes a uniform system of actual on-site appraisals for every parcel of real property in the state of Ohio, is the fairest and most equitable procedure for complying with R. C. 5715.011 and this court's mandate in the 1971 *Park Invest. Co.* decision.

"Although this procedure will require until 1977 to complete, this delay is necessitated by the hardship to the counties (primarily, expense to the smaller counties) in conducting such an appraisal. Incorporating the correction of inequalities, required by the General Assembly and this court, into the existing staggered sexennial reappraisal provides a more orderly and less expensive alternative to an independent statewide appraisal to be completed during the period of a single year."

Thus, this court has clearly spoken with regard to the validity of the existing staggered sexennial reappraisal and the concomitant duties of the Board of Tax Appeals during that reappraisal period.

This court does not find that the decision of the Board of Tax Appeals was unreasonable or unlawful. Accordingly, the decision is affirmed.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.