DINNER BELL MEATS, INC., APPELLANT, *v.* CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLEES.

[Cite as Dinner Bell Meats, Inc. *v.* Cuyahoga Cty. Bd. of Revision (1984), 12 Ohio St. 3d 270.]

(No. 83-1231—Decided August 1, 1984.)

*Hadley, Mills & Matia Co., L.P.A., Mr. Albert P. Hadley* and *Mr. William M. Mills,* for appellant.

*Mr. John T. Corrigan,* prosecuting attorney, and *Ms. Saundra Curtis-Patrick,* for appellee Cuyahoga County Board of Revision.

*Messrs. Armstrong, Gordon & Mitchell* and *Mr. Timothy J. Armstrong,* for appellee Cleveland Board of Education.

*Per Curiam.* The two issues presented by this appeal are, first, whether the Board of Tax Appeals unreasonably or unlawfully based its valuation determination upon the appraisal submitted on behalf of the Cleveland Board of Education, and second, whether the decision of the Board of Tax Appeals regarding the amount of functional and economic obsolescence was so erroneous as to be unreasonable or unlawful.

Section 2, Article XII of the Ohio Constitution requires that "[l]and and improvements thereon shall be taxed by uniform rule according to value. * * *" In *State, ex rel. Park Invest. Co.,* v. *Bd. of Tax Appeals* (1964), 175 Ohio St. 410, 412 [25 O.O.2d 432], this court stated that in determining the

valuation of property for taxation, "* * * no matter what method of evaluation is used, the ultimate result of such an appraisal must be to determine the amount which such property should bring if sold on the open market." See, also, *State, ex rel. Park Invest. Co., v. Bd. of Tax Appeals* (1971), 26 Ohio St. 2d 161, 167 [55 O.O.2d 338]; *State, ex rel. Park Invest. Co., v. Bd. of Tax Appeals* (1972), 32 Ohio St. 2d 28, 29 [61 O.O.2d 238]; *Youngstown Sheet & Tube Co. v. Bd. of Revision* (1981), 66 Ohio St. 2d 398 [20 O.O.3d 349]. In *State, ex rel. Park Invest. Co.* (1972), *supra,* it was held that "[s]ince the current use method of evaluation excludes, among other factors, location and speculative value which comprise market value, such current use method cannot be made the basis for valuation of real property for tax assessment purposes * * *." *Id.* at 33. In reviewing Board of Tax Appeals' determinations, this court has recognized valuations based upon other approaches, including the "cost approach" and the "market value approach." *Youngstown Sheet & Tube Co., supra.*

Appellant contends that the appraisal of William Kaplan was based on the forbidden "current use method," and, as such, should not have been considered by the board. In support of this contention, appellant cites the following language from Kaplan's appraisal:

"The value of a limited purpose industrial plant in continued use in accordance with its original design and construction is best defined as the present worth of future benefits that the real estate has for its *current user*. The property's value cannot be determined by comparing it to the market value of some idle building, nor can the property being appraised be presumed to be vacant and available for sale or lease when in fact, it is not. * * *

"* * *

"The cost approach * * * has as its basis for comparison an analysis of the *present use* of the property and the indicated value represents *value in use* to its owners. The cost approach, therefore, provides the best basis for appraisal where continued present use of a special purpose property is contemplated." (Emphasis added.)

Appellant contends that Kaplan's appraisal should have been disregarded, thus leaving the appraisal submitted by appellant as the only evidence which could have been properly considered by the Board of Tax Appeals.

Initially we note that Section 2, Article XII of the Ohio Constitution mandates that valuations of property cannot be limited to considerations of current use only to the exclusion of all other relevant factors. It does not prohibit altogether any consideration of the present use of a property. A review of the two appraisals before the Board of Tax Appeals reveals that each appraiser viewed the properties as being "special purpose" in nature. As such, each appraiser employed the "cost approach" in seeking to determine the true value of the properties.[1] In *Federal Reserve Bank of Minneapolis* v. *State*

---

[1] For purposes of appraisals, "cost approach" has been defined as:

" 'That approach in appraisal analysis which is based on the proposition that the informed purchaser would pay no more than the cost of producing a substitute property with the same

(Minn. 1981), 313 N.W. 2d 619, 623, the Supreme Court of Minnesota stated that "* * * the special purpose exception is applied to a building in good condition being used currently and for the foreseeable future for the unique purpose for which it was built * * *." As the court noted, to hold otherwise would enable the owner of a distinctive, but yet highly useful, building to escape full property tax liability.

It therefore appears, that in utilizing the "cost approach" for a "special purpose" building, Kaplan simply considered the utility of the properties in conjunction with the highest and best use of the meatpacking facility. The record supports the conclusion that Kaplan's report was a proper "cost approach" appraisal, not a "current use" appraisal as proscribed under the *Park Investment Co.* series of cases. Accordingly, the appraisal was properly considered by the board.

Appellant also contends that the Board of Tax Appeals erred in not adopting the functional and economic obsolescence figures contained in its appraisal. The appraisals of the two experts differed on the amount to be deducted for these factors, thus creating a disputed factual situation for the board. It is well-settled that "it is not the function of this court to substitute its judgment on factual issues for that of the Board of Tax Appeals. We are limited to a determination from the record whether the decision reached by the board is unreasonable or unlawful." *Citizens Financial Corp.* v. *Porterfield* (1971), 25 Ohio St. 2d 53, 57 [54 O.O.2d 191]; *Hawthorne Mellody* v. *Lindley* (1981), 65 Ohio St. 2d 47, 49 [19 O.O.3d 234].

For the foregoing reasons the decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY and J. P. CELEBREZZE, JJ., concur.

LOCHER, HOLMES and C. BROWN, JJ., dissent.

CLIFFORD F. BROWN, J., dissenting. The majority has today ignored the dictates of *State, ex rel. Park Invest. Co.,* v. *Bd. of Tax Appeals* (1964), 175

utility as the subject property. It is particularly applicable when the property being appraised involves relatively new improvements which represent *the highest and best use* of the land or when relatively unique or *specialized improvements* are located on the site and for which there exist no comparable properties on the market.' " Encyclopedia of Real Estate Appraising (3 Ed. 1978) 65, quoting Boyce, Real Estate Appraisal Terminology (1975), at 53.

"Highest and best use" has been defined as:

" 'That reasonable and probable use that will support the highest present value * * * as of the effective date of the appraisal.'

" 'Alternatively, that use, from among reasonably probable and legal alternative uses, found to be physically possible, appropriately supported, financially feasible, and which results in highest land value.' " Encyclopedia of Real Estate Appraising, *supra,* at 8, quoting from Boyce, *supra,* at 107.

Ohio St. 410 [25 O.O.2d 432]; *State, ex rel. Park Invest. Co.,* v. *Bd. of Tax Appeals* (1971), 26 Ohio St. 2d 161 [55 O.O.2d 338]; and *State, ex rel. Park Invest. Co.,* v. *Bd. of Tax Appeals* (1972), 32 Ohio St. 2d 28 [61 O.O.2d 238]. By the acceptance of the appraisal submitted by William Kaplan the board has adopted a valuation for appellant's properties based upon "current use." The language contained within Kaplan's appraisal reads in part:

"The value of a limited purpose industrial plant in continued use in accordance with its original design and construction is best defined as the present worth of future benefits that the real estate has for its *current user.* The property's value cannot be determined by comparing it to the market value of some idle building, nor can the property being appraised be presumed to be vacant and available for sale or lease when, in fact, it is not.

"* * *

"The cost approach, on the other hand, has as its basis for comparison an analysis of the *present use* of the property and the indicated value represents *value in use* to its owners. The cost approach, therefore, provides the best basis for appraisal where continued present use for a special purpose property is contemplated." (Emphasis added.)

In the *Park Investment Company* series of cases, this court held that, "* * * Section 2, Article XII of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution require that the ultimate result of an appraisal must be to determine that amount which the property should bring if sold on the open market." *State, ex rel. Park Invest. Co.,* v. *Bd. of Tax Appeals, supra,* at 32. Continuing, the court held that, "[s]ince the current use method of evaluation excludes, among other factors, location and speculative value which comprise market value, such current use method cannot be made the basis for valuation of real property for tax assessment purposes * * *." *Id.* at 33.

In addition this court recognized in *Porter* v. *Bd. of Revision* (1977), 50 Ohio St. 2d 307, 312 [4 O.O.3d 460], that "* * * pursuant to Section 2, Article XII of the Ohio Constitution, valuations of property cannot be limited to considerations of current use only, since other factors comprising market value such as 'location and speculative value' are excluded." By way of the very language of Kaplan's appraisal it is quite clear that it is based upon the "current use" method of valuation which has been rejected by this court as the sole basis for property value appraisals.

I further dissent because I do not believe the board properly considered the factors of functional and economic obsolescence recognized by this court in *B.F. Keith Columbus Co.* v. *Bd. of Revision* (1947), 148 Ohio St. 253 [35 O.O. 244].

For all the above-stated reasons I would reverse the decision of the Board of Tax Appeals and remand the cause.

LOCHER and HOLMES, JJ., concur in the foregoing dissenting opinion.