OAKWOOD CLUB, APPELLANT, *v.* CUYAHOGA COUNTY
BOARD OF REVISION ET AL., APPELLEES.

[Cite as *Oakwood Club v. Cuyahoga Cty. Bd.
of Revision* (1994), 70 Ohio St.3d 241.]

(No. 93–519—Submitted December 20, 1993—Decided September 14, 1994.)

*Kahn, Kleinman, Yanowitz & Arnson Co., L.P.A.,* and *Thomas L. Dettlebach,* for appellant.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Saundra Curtis–Patrick,* Assistant Prosecuting Attorney, for Cuyahoga County Board of Revision and Cuyahoga County Auditor.

---

*Per Curiam.* The decision of the BTA is affirmed.

This appeal presents a typical valuation dispute based upon conflicting appraisals. Oakwood contends that the BTA's decision is unreasonable and unlawful because (1) it accepts Braman's testimony, which failed to adjust for improvements made to the subject property subsequent to tax lien date, or for the subsequent sale of excess land from his principal comparable sale, and (2) it did not determine the true value of the subject property but instead determined the "value in use" of the property, contrary to law.

While the appraisers disagreed on several points, they did agree that the highest and best use of the property was as a private country club and that the use of the income approach to value was inappropriate. Both appraisers used the Marshall Evaluation Service, but disagreed regarding costs of replacement and depreciation deductions.

Braman testified about the market approach and the cost approach. He made adjustments based upon the time of sale of comparable properties, location, building size, site improvement and the indoor tennis facility. He structured the

appraisal by computing a per-hole value of the selected comparable country club properties and of the subject property. He estimated the adjusted value of the comparables at $236,500 to $261,750 per hole and Oakwood's at $245,000 per hole. On that basis Braman concluded that the true value of the subject property was $4,410,000. This evidence did not constitute "the forbidden 'current use method'" discussed in *Dinner Bell Meats, Inc. v. Cuyahoga Cty. Bd. of Revision* (1984), 12 Ohio St.3d 270, 271, 12 OBR 347, 348, 466 N.E.2d 909, 910.

The BTA's use of the market method of determining value was proper. The BTA was authorized to find, as it did, that the market approach was appropriate and the cost approach was not. See *Cincinnati Milacron Industries, Inc. v. Brown Cty. Bd. of Revision* (1988), 35 Ohio St.3d 32, 517 N.E.2d 896. See, also, *R.R.Z. Assoc. v. Cuyahoga Cty. Bd. of Revision* (1988), 38 Ohio St.3d 198, 527 N.E.2d 874.

We again endorse paragraphs three and four of the syllabus in *Cardinal Fed. S. & L. Assn. v. Cuyahoga Cty. Bd. of Revision* (1975), 44 Ohio St.2d 13, 73 O.O.2d 83, 336 N.E.2d 433:

"3. The Board of Tax Appeals is vested with wide discretion in determining the weight to be given to evidence and the creditability of witnesses which come before the board. * * *

"4. The fair market value of property for tax purposes is a question of fact, the determination of which is primarily within the province of the taxing authorities, and this court will not disturb a decision of the Board of Tax Appeals with respect to such valuation unless it affirmatively appears from the record that such decision is unreasonable or unlawful."

The BTA's acceptance of Braman's appraisal, adjusted as it was for costs of improvements since the tax lien date, and in view of Braman's explanation of why the sale of excess lands does not affect the true value of comparable properties, is not unreasonable or unlawful.

Oakwood's argument on value in use is not persuasive. In *Dinner Bell Meats, Inc., supra*, 12 Ohio St.3d at 271–272, 12 OBR at 348–349, 466 N.E.2d at 910–911, we said:

"Appellant contends that the appraisal of William Kaplan was based on the forbidden 'current use method,' and, as such, should not have been considered by the board * * *.

" * * * *

"Initially we note that Section 2, Article XII of the Ohio Constitution mandates that valuations of property cannot be limited to considerations of current use only to the exclusion of all other relevant factors. It does not prohibit altogether any consideration of the present use of a property. A review of the two appraisals

before the Board of Tax Appeals reveals that each appraiser viewed the property as being 'special purpose' in nature.  * * *

"It therefore appears, that in utilizing the 'cost approach' for a 'special purpose' building, Kaplan simply considered the utility of the properties in conjunction with the highest and best use of the meatpacking facility.  The record supports the conclusion that Kaplan's report was a proper 'cost approach' appraisal, not a 'current use' appraisal as proscribed under the *Park Invest. Co.* series of cases [culminating in *State ex rel. Park Invest. Co. v. Bd. of Tax Appeals* (1972), 32 Ohio St.2d 28, 61 O.O.2d. 238, 289 N.E.2d 579].  Accordingly, the appraisal was properly considered by the board."

From the record before us, we find that Oakwood failed to present evidence to establish that the decision of the BTA was unreasonable or unlawful.  We affirm the BTA's decision.

*Decision affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK and PFEIFER, JJ., concur.

F.E. SWEENEY, J., dissents.