MEIJER, INC., APPELLANT, *v.* MONTGOMERY COUNTY
BOARD OF REVISION ET AL., APPELLEES.

[Cite as *Meijer, Inc. v. Montgomery Cty. Bd.
of Revision* (1996), 75 Ohio St.3d 181.]

(No. 95–510—Submitted November 30, 1995—Decided March 5, 1996.)

*Fred Siegel Co., L.P.A., Fred Siegel* and *Annrita S. Johnson; Honigman, Miller, Schwartz & Cohn* and *Michael B. Shapiro, pro hac vice,* for appellant.

*Matthias B. Heck, Jr.,* Montgomery County Prosecuting Attorney, and *Marcell N. DeZarn,* Assistant Prosecuting Attorney, for appellee Montgomery County Board of Revision.

*James R. Gorry,* for appellee Northmont Board of Education.

*Per Curiam.* Meijer asserts the BTA decision was unreasonable and unlawful and must be reversed. Meijer argues initially that the BTA erred by adopting a "value in use" appraisal. Meijer does not define what it means by a value-in-use appraisal. However, "use value" as defined in The Appraisal of Real Estate (American Institute of Real Estate Appraisers, 9 Ed.1987) 20, is:

"[T]he value a specific property has for a specific use. Use value focuses on the contributory value of real estate to the enterprise of which it is a part, without regard to its highest and best use or the monetary amount that might be realized upon its sale." (Emphasis deleted.)

In *State ex rel. Park Invest. Co. v. Bd. of Tax Appeals* (1972), 32 Ohio St.2d 28, 33, 61 O.O.2d 238, 241, 289 N.E.2d 579, 582, we stated that "[s]ince the current use method of evaluation excludes, among other factors, location and speculative value which comprise market value, such current use method cannot be made the basis for valuation of real property for tax assessment purposes * * *." The BTA was aware of the prohibition against accepting a value-in-use appraisal, stating, " 'value in use' is an unconstitutional form of valuing real property in this state."

Meijer cites no testimony from Williams, or any other witness, or any evidence, to provide a basis for its allegation that the BTA adopted a value-in-use appraisal, rather than a value-in-exchange appraisal. Therefore, we reject Meijer's first argument.

Meijer's next contention is that the BTA erred in its use of the income approach by adopting an incorrect economic rent, failing to account for vacancy and credit loss, taking too small an expense amount, and adopting an unsupported capitalization rate. In each case, Meijer contends that the amount proposed by its appraiser should have been adopted. Basically, Meijer's argument is an attempt to refute the testimony of the appraisers for the county and the school board in order to have the income approach of its appraiser adopted. This court is not a " 'super' board of tax appeals." *Hercules Galion Products, Inc. v. Bowers* (1960), 171 Ohio St. 176, 12 O.O.2d 292, 168 N.E.2d 404, 405. As we stated in *Wolf v. Cuyahoga Cty. Bd. of Revision* (1984), 11 Ohio St.3d 205, 207, 11 OBR 523, 524, 465 N.E.2d 50, 52, "A great deal of appellants' argument is devoted to the rebuttal of appellees' expert's testimony. Ultimately they conclude that none of his conclusions is credible enough to be relied on by the BTA. However, such a determination is precisely the kind of factual matter to be decided by the BTA."

In this case, the BTA rejected the market approach put forth by Meijer's appraiser and then stated, "We are similarly not persuaded by his income capitalization approach to value." In fact, the BTA put very little weight on the income approach, stating, "While this Board places some weight on Williams' income approach, we find the most reliable evidence of value in the present matter is presented through the cost approach."

The BTA has wide discretion to determine the weight given to evidence and the credibility of witnesses before it. Its true value decision is a question of fact which will be disturbed by this court only when it firmly appears from the record

that such decision is unreasonable or unlawful. *Cardinal Fed. S. & L. Assn. v. Cuyahoga Cty. Bd. of Revision* (1975), 44 Ohio St.2d 13, 73 O.O.2d 83, 336 N.E.2d 433, paragraphs three and four of the syllabus. Meijer has not established an abuse of discretion here.

Meijer also argues that the BTA erred in failing to explain the basis for the income approach on which it relied. The BTA rejected Meijer's appraiser's income approach to value, stating that the "attempt to fix a market rent was based upon properties that were not truly comparable." And as we stated previously, the BTA merely placed "little weight" on Williams' income approach. Having basically rejected the income approach and stated that the BTA found the most reliable evidence of value to be the "cost approach," we do not believe that the BTA needed to explain more concerning the income approach.

Meijer next asserts that the BTA erred because it relied on an unsupported and unlawful income-approach valuation, and therefore erroneously failed to account for obsolescence in the cost approach it adopted. Meijer is again basically asserting that its appraiser's values should have been accepted by the BTA rather than those of Williams. Meijer contends that if its appraiser's income approach had been accepted by the BTA, obsolescence could have been proven. In *Rollman & Sons Co. v. Hamilton Cty. Bd. of Revision* (1955), 163 Ohio St. 363, 56 O.O. 337, 127 N.E.2d 1, we stated in paragraph one of the syllabus, "Where a taxpayer asserts that functional depreciation should be considered in valuing his property for the purpose of taxation, the burden is upon the taxpayer to prove such depreciation." In order for Meijer to prove the dollar amount of the obsolescence which it alleged, the BTA had to accept its income approach. However, the BTA rejected Meijer's income approach and therefore Meijer was unable to prove the dollar amount of its alleged obsolescence. In paragraph two of the syllabus in *Rollman,* we held: "Where the only evidence as to functional depreciation is the opinion of the taxpayer's witness, which opinion the witness fails to substantiate with facts or figures, a decision of the Board of Tax Appeals that the taxpayer failed to sustain his burden of proof as to functional depreciation and excluding such depreciation in valuation for tax purposes is neither unreasonable nor unlawful." The facts and figures which Meijer needed to prove obsolescence were rejected by the BTA; therefore, Meijer did not meet its burden of proof.

Meijer contends further that the BTA has changed the concept of the cost approach from "cost is the upper limit of value" to "cost is the lower limit of value." We reject Meijer's argument. The only actual statement made by the BTA on the subject was that "the costs of purchase and construction evidence that a prospective purchaser was willing to pay at least the costs of the property as newly constructed." Meijer objects to the BTA's use of the words "at least,"

because it believes the BTA has stated that cost is now the lower limit of value, not the upper limit. We disagree with Meijer's interpretation of the BTA's remarks. We do not read the BTA's statement to mean that cost is the lower limit on value. The BTA's statement must be considered in the context of the BTA's decision. The statement in question followed statements by the BTA that "in *Dinner Bell Meats* [*Inc. v. Cuyahoga Cty. Bd. of Revision* (1984), 12 Ohio St.3d 270, 12 OBR 347, 466 N.E.2d 909], the Supreme Court acknowledged the applicability of the theory of substitution, that a knowledgeable buyer would pay no more for a property than the cost of producing a substitute property, and noted that such a theory was particularly applicable to new improvements which represent the highest and best use of the land. Such is the case herein." The BTA then stated, "Under the theory of substitution, this Board may safely assume that if a similar property existed which could have been purchased for less than the costs of construction, the appellant would have purchased such property." These statements by the BTA demonstrate its clear understanding of the theory of substitution set forth in the definition cited by this court in footnote one of *Dinner Bell Meats,* 12 Ohio St.3d at 272, 12 OBR at 349, 466 N.E.2d at 911, wherein we stated that the " 'cost approach' has been defined as: ' "That approach in appraisal analysis which is based on the proposition that the informed purchaser would pay no more than the cost of producing a substitute property with the same utility as the subject property." ' "

Meijer next contends that the BTA erroneously concluded that for functional obsolescence to exist the property must be useless or valueless to the owner. The BTA quoted paragraph two of the syllabus in *B.F. Keith Columbus Co. v. Franklin Cty. Bd. of Revision* (1947), 148 Ohio St. 253, 35 O.O. 244, 74 N.E.2d 359, which states, "Functional depreciation occurs where property, although still in good physical condition, has become obsolete or useless due to changing business conditions and thus for all practical considerations is of little or no value to the owner of such property." Meijer apparently interprets *B.F. Keith Columbus Co.* as requiring a showing that the entire property must be shown to be useless or valueless in order to prove functional obsolescence. A review of the BTA's opinion does not disclose such a drastic interpretation. The BTA reviewed Meijer's claim of obsolescence and found that Meijer had not supported its claim that the building was "too wide for its depth." The burden was on Meijer to prove obsolescence with facts and figures, *Rollman, supra,* and Meijer did not meet that burden.

Meijer argues that the BTA must follow Ohio Adm.Code Chapter 5705–3 in determining true value. Ohio Adm.Code Chapter 5705–3 sets forth standard definitions and appraisal procedures to be followed by the county auditors in determining true value. Ohio Adm.Code Chapter 5705–3 may be used by the BTA as a reference for appraisal definitions and procedures, but it is neither

directed to, nor binding on, the BTA. For instance, Ohio Adm.Code Chapter 5705-3 makes no provision for an owner of the property to give his opinion of value; however, such owner's opinion of value can be acceptable evidence for the BTA. *Amsdell v. Cuyahoga Cty. Bd. of Revision* (1994), 69 Ohio St.3d 572, 574, 635 N.E.2d 11, 13.

Finally, Meijer again claims that the BTA adopted a value-in-use valuation and denied it equal protection. We again reject Meijer's argument. First, we have found that the BTA's determination of true value was not based upon a value-in-use appraisal; therefore, Meijer's argument is based on an erroneous premise. Second, Meijer did not raise its claim of denial of equal protection in its notice of appeal before this court, and consequently, we have no jurisdiction to consider it. *Deerhake v. Limbach* (1989), 47 Ohio St.3d 44, 546 N.E.2d 1327.

We find there is sufficient evidence to support the BTA's decision. Accordingly, the BTA's decision is neither unreasonable nor unlawful, and it is affirmed.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

WRIGHT, J., dissents.