This issue arises out of petitioner's petition for writ of habeas corpus whereby petitioner alleges he is wrongfully incarcerated by the State of Ohio, after his parole was wrongfully terminated by the Ohio Adult Parole Authority (OAPA).
In 1993, petitioner pled guilty to one count of receiving stolen property and one count of robbery in the Franklin County Court of Common Pleas. He was ordered to serve an indefinite term of incarceration of three to fifteen years on the robbery charge, and one year on the receiving stolen property charge, to be served concurrently.
In April of 1996 petitioner was released on parole. He was returned to jail on August 7, 1997 for violating his parole conditions. Petitioner was found guilty of "biting" and "causing physical harm" to his girlfriend. On August 20, 1997, petitioner received his violation field hearing, and on September 27, 1997, petitioner received his final parole revocation hearing, at which time petitioner received thirty months for violating his parole condition.
Petitioner alleges he was deprived of "due process" and "equal protection" of the law, in violation of the Fifth and Fourteenth Amendments to the Constitution, in his parole revocation hearing, citing Morrissey v. Brewer (1972),408 U.S. 471.
Specifically, petitioner alleges that the parole board relied on false information to revoke his parole. This information was supposedly supplied by the victim and later recanted. Also, petitioner alleges that the revocation was based solely on the report of the parole officer and no independent fact finder was appointed to investigate the violations. Petitioner feels the parole officer only relied on the original police complaint. He feels that in regard to the charge of assault, he should have been afforded an indictment and trial to make a determination of any guilt.
Petitioner goes on to state that the Ohio Adult Parole Authority could pursue parole revocation only if there was any factual support in the allegation, citing Jackson v. McFaul
(1995), 75 Ohio St.3d 185. Petitioner feels that since the victim explained the circumstances of the incident involved, that no factual basis for revocation remained, and petitioner should be released.
Finally, petitioner alleges that since he was arrested on August 7, 1997 and not served with his notice of a field hearing until August 20, 1997 that the APA was in violation of its own administrative code in not holding his hearing within five days. Petitioner alleges this violation of the administrative code deprived him of due process and that he should be released.
Respondent answers by alleging that petitioner is not entitled to a writ of habeas corpus since he did not attach a list of his prior civil actions to his petition, in violation of R.C. 2969.25(A).
R.C. 2969.25(A) states in relevant part:
 "At the time an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court."
On this issue the respondent is in error. The statute in question does not specifically require an inmate to file an affidavit stating that he has not filed any civil actions within the last five years. If the legislature intended to require the inmate to do so, clearly they could have included that requirement within the statute.
The case cited by the respondent is not on point. In the case of State ex rel. Zanders v. Ohio Parole Bd. (1998), 82 Ohio St.3d 421, that court stated:
 "Zanders attached copies of these decisions to his petition but did not file an affidavit describing each civil action or appeal of a civil action he had filed in the previous five years. * * *"
In the Zanders case, clearly the inmate had filed other civil actions within the last five years.
R.C. 2901.04 states, in part:
 "(A) Sections of the Ohio Revised Code defining offenses or penalties shall be strictly construed against the state and liberally construed in favor of the accused."
For the reason discussed above, the petitioner was not required to file an affidavit when he had filed no prior civil actions within the last five years.
The allegation by petitioner of an unreasonable delay by the OAPA in holding the parole revocation hearing is without merit. First we must note that no OAPA administrative code was submitted to this court for review, however, an administrative code is not controlling in these matters. Next, we note that a delay of thirteen days is not an unreasonable time. Additionally, any delay in holding the parole revocation hearing will not cause a reversal of the revocation proceeding unless the delay prejudiced the petitioner. See Coleman v.Stobbs (1986), 23 Ohio St.3d 137. In this case no prejudice was evident or even alleged by the petitioner.
Petitioner's allegation that he was denied due process is also without merit. There are due process rights that attach during a parole revocation hearing as noted inMorrisey, supra. Petitioner was afforded all these rights: he was given a parole revocation field hearing and his final parole revocation hearing within a reasonable time period; he had a hearing where he was represented by counsel, and he had the right to call witnesses in his behalf (which he waived).
There is no merit to petitioner's allegation that since the victim (his girlfriend) explained the circumstances of the incident leading to petitioner's arrest, there was no factual basis for the parole revocation by respondent, the hearing officer indicated that he based his findings on the parole officer's testimony regarding the victim's injuries (bite marks on her arm) and the victim's statements to the parole officer, the victim's statements to the police and finally petitioner's own admission that he bit the victim.
The general rule is that parole may be revoked even though criminal charges based on the same facts are dismissed, the defendant is acquitted, or a conviction is overturned, unless the dismissal of the criminal charges removes all factual support from the revocation. In our case, regardless of the reasons for his behavior, there was evidence that petitioner did in fact hit and/or bite the victim.
Finally and most importantly, respondent is correct in his contention that a writ of habeas corpus must fail when a petitioner fails to attach all of his commitment papers.
R.C. 2925.04(D) states as follows:
 "A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or if the imprisonment or detention is without legal authority, such fact must appear."
See Boyd v. Money (1998), 82 Ohio St.3d 388, Johnson v. OhioParole Bd. (1997), 80 Ohio St.3d 140, Brantley v. Anderson
(1997), 77 Ohio St.3d 446, and McBroom v. Russell (1996),77 Ohio St.3d 47.
Petitioner, in this case, has failed to attach all his commitment papers. Petitioner's petition for writ of habeas corpus is denied. Respondent's motion to dismiss is granted.
Costs taxed to petitioner.
Final order. Clerk to serve a copy of this order on counsel or unrepresented party as provided by the civil rules.
------------------------
------------------------
 ------------------------ JUDGES.