Pfeifer, J.,
dissenting.
{¶ 19} In Dinner Bell Meats, Inc. v. Cuyahoga Cty. Bd. of Revision (1984), 12 Ohio St.3d 270, 272, 12 OBR 347, 466 N.E.2d 909, we held that “in utilizing the ‘cost approach’ for a ‘special purpose’ building,” the appraiser “simply considered the utility of the properties in conjunction with the highest and best use” of its current owner. We reasoned that “ ‘the special purpose exception is applied to a building in good condition being used currently and for the foreseeable future for the unique purpose for which it was built,’ ” a doctrine necessary to prevent “the owner of a distinctive, but yet highly useful, building” from “escap[ing] full property tax liability.” Id., quoting Fed. Res. Bank of Minneapolis v. State (Minn.1981), 313 N.W.2d 619, 623.
{¶ 20} Later, the BTA applied Dinner Bell Meats in Meijer, Inc. v. Montgomery Cty. Bd. of Revision (Feb. 8, 1995), BTA Nos. 1993-M-731, 1993-M-732, and 1993-M-733. The BTA found “nothing about the present property which is obsolete or useless to the owner,” id. at 28, and held that “the costs of purchase and construction evidence that a prospective purchaser was willing to pay at least the costs of the property as newly constructed.” Id. at 32. We affirmed the BTA. Meijer, Inc. v. Montgomery Cty. Bd. of Revision (1996), 75 Ohio St.3d 181, 661 N.E.2d 1056.
{¶ 21} Like the meatpacking plant in Dinner Bell Meats and the big-box retail store in Meijer, the Target store in this case has been designed and constructed to suit its owner’s particular business needs. Unlike the owners of the Kmart and Ames stores that Target’s appraiser used as comparable properties, Target is a viable, going concern operating at many locations throughout the state. I believe the BTA erred by not viewing the evidence in light of the case law just cited.
*148 Siegel, Siegel, Johnson & Jennings Co., L.P.A., and Nicholas M.J. Ray, for appellee.
James R. Gorry, for appellants.
{¶ 22} The majority opinion acknowledges the principles that we articulated in Dinner Bell Meats and Meijer but declines to apply them on the grounds that the county presented no evidence. I disagree because I think that auditors, boards, and courts should use common sense, and common sense dictates that Kmart and Ames stores sold out of bankruptcy are not similar to Meijer and Target stores that are still being operated by the successful retailers that built them. In light of that real-world distinction, I would hold that Target failed to discharge its burden to show that its store, constructed in 1998, had become obsolete by 2005. See Rollman & Sons Co. v. Hamilton Cty. Bd. of Revision (1955), 163 Ohio St. 363, 56 O.O. 337, 127 N.E.2d 1, paragraph one of the syllabus (“Where a taxpayer asserts that functional depreciation should be considered in valuing his property for the purpose of taxation, the burden is upon the taxpayer to prove such depreciation”). I also believe that the BTA erred by not giving sufficient weight to the cost approach in light of the case law. Accordingly, I would vacate the decision below and remand for consideration in light of Dinner Bell Meats and Meijer. I therefore respectfully dissent.
Lundberg Stratton, J., concurs in the foregoing opinion.