[Cite as *Cleve Corp. v. Franklin Cty. Bd. of Revision*, 2017-Ohio-8090.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Cleve Corp., | : | |
| Appellant-Appellant, | : | |
| v. | : | No. 17AP-137<br>(BTA No. 2015-2483) |
| Franklin County Board of Revision et al., | : | |
| | : | (REGULAR CALENDAR) |
| Appellees-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on October 5, 2017

**On brief:** *Stephen Swaim.* **Argued:** *Stephen Swaim.*

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *William J. Stehle*, for Franklin County Board of Revision and Franklin County Auditor.

**On brief:** *Rich & Gillis Law Group LLP,* and *Kimberly G. Allison*, for Hilliard City Schools Board of Education. **Argued:** *Kimberly G. Allison.*

APPEAL from the Board of Tax Appeals

TYACK, P.J.

{¶ 1} Appellant, Cleve Corp., appeals a decision of the Board of Tax Appeals ("BTA") determining the value of a property for tax year 2014. For the following reasons, we affirm the BTA's decision.

**I. Facts and Case History**

{¶ 2} This case is about the tax valuation of a United Postal Service ("UPS") distribution facility. The subject property consists of over 300,000 square feet of space,

built for UPS as a truck terminal. It continues to be used as such. There is no indication that UPS intends to abandon the property or that its use would otherwise change. Because of the number of dock doors and large "belly" of the main terminal, built to fit the unique needs of unloading and loading trucks and transferring packages between trucks, the subject property is considered a "special purpose" property.

{¶ 3} The subject property was initially assessed at $13,500,000. Cleve Corp. filed a complaint with the Franklin County Board of Revision ("BOR") requesting a reduction and that the property be revalued at $6,500,000. The BOR issued a decision which retained the initially assessed value. Cleve Corp. appealed to the BTA. After evaluating the property, examining two competing appraisals, and relying heavily on the BTA's precedent in the substantially similar case of *BT Prop. L.L.C. v. Franklin Cty. Bd. of Revision*, 10th Dist. No. 16AP-449, 2017-Ohio-2769, the BTA found the true and taxable values of the property to be $13,670,490 and $4,784,670 respectively.

{¶ 4} Cleve Corp. timely appealed the BTA's decision.

## II. Assignments of Error and Standard of Review

{¶ 5} Cleve Corp. brings five assignments of error for our consideration:

> ASSIGNMENT OF ERROR NO. 1 The decision of the Board of Tax Appeals is unreasonable, erroneous, unlawful for the reason that the decision is contrary to the weight of the evidence presented to the Board of Tax Appeals.
>
> ASSIGNMENT OF ERROR NO. 2 The decision of the Board of Tax Appeals is unreasonable, erroneous, and unlawful and contrary to the law for the reason that the Board of Tax Appeals improperly failed to consider all of the evidence presented.
>
> ASSIGNMENT OF ERROR NO. 3 The Board of Tax Appeals abused its discretion and acted unreasonably, unlawfully and arbitrarily in determining the value of the subject property by disregarding the Appraisal evidence of the taxpayer/Appellant herein.
>
> ASSIGNMENT OF ERROR NO. 4 The Board of Tax Appeals abused its discretion and acted unreasonably, unlawfully and arbitrarily in concluding that a typical internally open

building structure was a "Special Use Property" because of the personal property equipment utilized by taxpayer's business operations that were contained within it.

ASSIGNMENT OF ERROR NO. 5 The Board of Tax Appeals abused its discretion and acted unreasonably, unlawfully and arbitrarily in concluding that [sic] was a "Special Use Property" because it was built by the company for it's own use and has remained utilized by it even though it is a typical internally open floor plan building structure.

{¶ 6} The Supreme Court of Ohio has recently set forth the applicable standard when reviewing BTA decisions:

"In reviewing a decision of the BTA, we do not sit as 'a super BTA or a trier of fact de novo.' " *RNG Properties, Ltd. v. Summit Cty. Bd. of Revision*, 140 Ohio St.3d 455, 2014-Ohio-4036, 19 N.E.3d 906, ¶ 18, quoting *EOP-BP Tower, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 106 Ohio St. 3d 1, 2005-Ohio- 3096, 829 N.E.2d 686, ¶ 17. To be sure, this court "will not hesitate to reverse a BTA decision that is based on an incorrect legal conclusion." *Gahanna-Jefferson Local School Dist. Bd. of Edn. v. Zaino*, 93 Ohio St.3d 231, 232, 2001 Ohio 1335, 754 N.E.2d 789 (2001). However, the BTA's factual findings are entitled to deference as long as they are supported by "reliable and probative" evidence in the record. *Am. Natl. Can Co. v. Tracy*, 72 Ohio St. 3d 150, 152, 1995 Ohio 42, 648 N.E.2d 483 (1995). We "will not disturb" a valuation determination by the BTA "unless it affirmatively appears from the record that such decision is unreasonable or unlawful." *Cuyahoga Cty. Bd. of Revision v. Fodor*, 15 Ohio St.2d 52, 239 N.E.2d 25 (1968), syllabus.

Perhaps most significant in this context is this court's recognition of HN2 the BTA's "wide discretion in determining the weight to be given to the evidence and the credibility of the witnesses that come before it." EOP-BP Tower at ¶ 9. Indeed, "[a]bsent a showing of an abuse of discretion," such determinations by the BTA "will not be reversed by this court," id. at ¶ 14, and a claimed abuse of discretion requires a showing that the BTA's " 'attitude is unreasonable, arbitrary or unconscionable,' " *J.M. Smucker, L.L.C. v. Levin*, 113 Ohio St.3d 337, 2007-Ohio-2073, 865 N.E.2d 866, ¶ 16, quoting *Strongsville Bd. of Edn. v. Zaino*,

> 92 Ohio St.3d 488, 490, 2001 Ohio 1269, 751 N.E.2d 996 (2001).
>
> "When cases are appealed from a board of revision to the BTA, the burden of proof is on the appellant, whether it be a taxpayer or a board of education, to prove its right to an increase or decrease from the value determined by the board of revision." *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 90 Ohio St.3d 564, 566, 2001 Ohio 16, 740 N.E.2d 276 (2001). In order to prevail before the BTA, the appellant "must present competent and probative evidence * * *; it is not entitled to a reduction or an increase in valuation merely because no evidence is presented against its claim." Id. If the parties present competing appraisals at the BTA, "[t]he weighing of evidence and the assessment of credibility as regards both of the appraisals are the statutory job of the BTA," and that body "is vested with wide discretion" in carrying out that function. EOP-BP Tower at ¶ 9.

*Bd. of Edn. of the Westerville City Schools v. Franklin Cty. Bd. of Revision*, 146 Ohio St.3d 412, 2016-Ohio-1506, ¶ 26-28.

### III. Legal Analysis

{¶ 7} This case is substantially similar to a recently decided case from this court, *BT Prop. L.L.C.* Not only are the parties similarly situated and the facts of the case substantially similar, but the assignments of error brought by Cleve Corp. are nearly identical. The first four assignments of error in this case use the exact language as *BT Prop. L.L.C.* The fifth assignment of error is arguing the same issue and is interrelated to the first four: whether the BTA was correct in its "special purpose" property designation and true valuation of the property. Therefore, all the assignments of error will be addressed together.

> As a general rule, land in Ohio should be taxed based on market exchange valuation—the amount for which that property would sell on an open market by a willing seller to a willing buyer—rather than the current use value or the property. *Rite Aid of Ohio, Inc. v. Washington Cty. Bd. of Revision*, 146 Ohio St.3d 173, 2016-Ohio-371, ¶ 24-28, 54 N.E.3d 1177. Because a valuation method based on the current or present use of the property "excludes, among other factors,

location and speculative value which comprise market value" in violation of Article XII, Section 2 of the Ohio Constitution, ordinarily a present-use method cannot be made the basis for valuation of real property for tax assessment purposes. *State ex rel. Park Invest. Co. v. Bd. of Tax Appeals*, 32 Ohio St.2d 28, 33, 289 N.E.2d 579 (1972); Section 2, Article XII, Ohio Constitution.

An exception to this general rule exists under the "special purpose" property doctrine. Rite Aid at ¶ 28-29. "Under this doctrine, a property's use may form the basis of the property's value if it is '"special purpose" in nature,' meaning that it was built for a unique purpose, is in good condition, and is being used for that purpose—both presently and for the foreseeable future." *Johnston Coca-Cola Bottling Co. v. Hamilton Cty. Bd. of Revision,* 149 Ohio St.3d 155, 2017-Ohio-870, ¶ 17 (slip opinion), quoting *Rite Aid* at ¶ 29, citing *Dinner Bell Meats, Inc. v. Cuyahoga Cty. Bd. of Revision,* 12 Ohio St.3d 270, 271, 12 Ohio B. 347, 466 N.E.2d 909 (1984) (holding that Article XII, Section 2 of the Ohio Constitution "does not prohibit altogether any consideration of the present use of a property").

*BT Prop. L.L.C.* at ¶ 23-24.

{¶ 8} We are bound by our prior ruling in *BT Prop. L.L.C.* which confirms the legality on which BTA made its decision. "We find no legal error that would make BTA's reliance on [BOR's appraiser's] opinion inappropriate as a matter of law." *Id.* at ¶ 29. We will not weigh the evidence and credibility of the competing appraisals, the BTA has already fulfilled that function. "If the parties present competing appraisals at the BTA, '[t]he weighing of evidence and the assessment of credibility as regards both of the appraisals are the statutory job of the BTA,' and that body 'is vested with wide discretion' in carrying out that function." *Bd. of Edn. of the Westerville City Schools* at ¶ 28, quoting *EOP-BP Tower, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 106 Ohio St.3d 1, 2005-Ohio-3096, ¶ 9. Nor do we find that the BTA abused its discretion in performing its statutory function.

{¶ 9} Considering the above, the high standard of review in BTA appeals and the substantial similarities to *BT Prop. L.L.C.*, we find that the BTA did not base its decision

on an incorrect legal conclusion and do not find that the record here affirmatively shows that the BTA's decision was unlawful or unreasonable.

{¶ 10} The first, second, third, fourth, and fifth assignments of error are overruled.

**IV. Conclusion**

{¶ 11} Having overruled the five assignments of error, we affirm the decision of the Board of Tax Appeals.

*Judgment affirmed.*

SADLER and LUPER SCHUSTER, JJ., concur.

————————————